CHARLES A. ROWSEY, Appellant, *vs.* PATRICK LYNCH, Respondent.

1. *Statute of limitations—Partnership debt—Covenant with outgoing member to answer for—Suit on—Running of statute commences, when.*—A firm entered into a written stipulation with an outgoing member to become liable for former debts of the partnership, and afterwards, suit was brought against him on a note of the old firm, judgment was obtained and his property subsequently sold to satisfy it. In suit brought by him against the remaining members on the stipulation, *Held,* 1st, that the statute of limitations of ten years was applicable; 2d, that if the covenant had been one of indemnity the statute would not have commenced running against plaintiff until the property was sold; but 3d, that such stipulation was not a covenant of indemnity, and that plaintiff's right of action certainly accrued when judgment was obtained against him, and that the statute commenced running at that time.

*Appeal from St. Louis Circuit Court.*

*Hitchcock, Lubke & Player,* for Appellant.

I. This being a suit upon an instrument of writing under seal, plaintiff had ten years within which to bring his action. (Martin vs. Knapp, 45 Mo., 48.)

II. This action was brought in 1870, and no cause of action accrued to plaintiff until 1862, when his property was sold to pay the debts of the firm of Rowsey & Lynch, because: [*a.*] Defendant's agreement was "to pay off and discharge all the liabilities of the late firm of Rowsey & Lynch," etc. This agreement put the plaintiff, the retiring partner, in the place of a surety only for the payment of the partnership debts, and rendered him a specialty creditor when his property was taken to pay those debts, and not before. (Lindley Part., 714; Pars. Part., 421; Sto., Part., § 158; Rogers vs. Man, 4 Dowl. & Lowndes, 66; Peyton vs. Lewis, 12 B. Mon., 356:) [*b.*] A surety can never call on his principal to reimburse him until actual payment of money for him. It is not enough that there has been judgment against him. (Aug. Lim., §§ 131, 132.) [*c.*] If there had been no such agreement as the one sued on, the fact that judgment had been recovered against plaintiff for a partnership debt, would not have given him a right of action against defendant for the proportion of the debt, he

was bound under the partnership articles to bear; such an action would not accrue to him until actual payment of the money. (Pars. Part., 287, and note.) The only change that the agreement sued on made in the status of the parties was, that defendant became obliged to pay all the partnership debts of Rowsey & Lynch, instead of one-half.

*Bakewell & Farish*, for Respondent.

I. We claim, 1st. That the suit was barred in five years.

2d. That, if barred in ten years, the statute of limitations is a good defense, because, in cases of contract the statute attaches as soon as the contract is broken. (2 Greenl. Ev., § 435.)

II. The breach occurred here when the bond was delivered, or at least after the lapse of a reasonable time. Beyond controversy there was a breach on the 18th of February, 1856, when judgment was obtained by Poland & Henry against plaintiff and defendant here. (Hurlst. Bonds, 7 Law Lib., pp. 41–43, s. p.; 2 Pars. Cont., 535, 661–2.)

The statute begins to run from the time of the breach of duty, and not from the time of damage accruing. The right to sue is perfect, even if the damages be not liquidated, and the statute begins to run from the time that a cause of action arises. (Howell vs. Young, 5 B. & C., 269; Battley vs. Faulkner, 3 B. & Ald., 288; Short vs. McCarthy, 3 B. & C., 626; Betts vs. Norris, 21 Me., 315; Traup vs. Smith, 20 Johns., 33; Miller vs. Adams, 16 Mass., 456; Stafford vs. Richardson, 15 Wend., 302; Bank of Utica vs. Child, 6 Cow., 238; 6 Strob., 344; Wilcox vs. Plummer, 4 Pet., 172.)

And it makes no difference what the form of the action is, provided it is substantially for breach of duty. (Howell vs. Young, 5 B. & Ald., 259; Same vs. Same, 2 C. & P., 238; Granger vs. George, 5 B. & C., 149; Battley vs. Faulkner, *supra;* Argall vs. Bryant, 1 Sandf., 98; Fetter vs. Beale, 1 Sack., 11; Caliar vs. Bradford, 13 Mass., 169; Wilcox vs. Ex'r of Plummer, *supra;* Brooks vs. Enderly, 2 Brod. & B., 70; Kern vs. Schoomaker, 4 Ohio., 331.)

The cases where the statute does not begin to run until actual damage accrues as a consequence of some previous act, are wholly where the act is not tortious or injurious in itself, and becomes so only by reason of the consequences which result sometime after. (Robert vs. Read, 16 East., 215 ; Gillon vs. Bedington, 1 Car. & P. 541.)

Hough, Judge, delivered the opinion of the court.

Prior to January 1st, 1855, the plaintiff and the defendant were co-partners, doing business under the firm name of Rowsey & Lynch. On that day one McCadden was admitted as a partner, and the style of the firm became Rowsey, Lynch & Co. Thereafter the plaintiff sold and transferred to said Lynch and McCadden all his interest in the assets of the firm of Rowsey & Lynch, and also in the firm of Rowsey, Lynch & Co., and on the 28th day of February, 1855, the parties entered into an agreement under seal, which contained, with others, the following stipulation : "Said Lynch & McCadden also agree to pay off and discharge all the liabilities of the late firm of Rowsey & Lynch, as the same appeared on the books of that firm on the 1st day of January, 1855, and of which a schedule was made at that date, on the formation of the new co-partnership of Rowsey, Lynch & Co."

In the schedule of liabilities mentioned in the foregoing stipulation were three promissory notes made by Rowsey & Lynch, each for the sum of $1,360.79, payable respectively in two, three and four months, to the order of Poland & Henry. The date of the execution of these notes is not given, but it is evident they were dated at or before January 1st, 1855. At all events they were not paid at maturity by Lynch & McCadden, and on November 1st, 1855, Poland & Henry instituted suit thereon against Rowsey & Lynch, both of whom were personally served, and on the 22d day of February, 1856, judgment was rendered against them for the sum of $4,326.04, which judgment was, on the 21st of April, 1858, affirmed on appeal.

On the 2d day of October, 1858, execution was issued on this judgment and levied upon certain real estate belonging to the plaintiff Rowsey, which was sold on November 8th, 1862, for the sum of $2,813, which amount was on the same day credited on said judgment.

On the 10th day of November, 1870, the plaintiff instituted the present action against the defendant in the circuit court of St. Louis county, for the breach of the covenant hereinbefore recited, committed by him in failing to pay the notes of Rowsey & Lynch to Poland & Henry. It was admitted that the agreement, of which the stipulation sued on formed a part, and which was executed beyond the limits of this State, was, by the law of the place where it was entered into, a joint and several contract.

The circuit court ruled that the plaintiff's action was barred by the statute of limitations; whereupon the plaintiff took a non-suit with leave to move to set the same aside, and after an unsuccessful motion for that purpose the plaintiff appealed to general term, where the judgment at special term was affirmed, and from that judgment he has appealed to this court.

The ten years statute is undoubtedly applicable to the present action, and the only question presented for our determination, therefore, is when did the plaintiff's cause of action accrue.

If the covenant in question is simply a contract of indemnity, then there was no breach thereof until the plaintiff suffered damages by the sale of his property, on the 8th of November 1862, and his right of action was not barred. If, on the contrary, the covenant in question is not a contract of indemnity, but an affirmative covenant to pay certain sums of money at specified times, then a right of action arose in favor of the plaintiff, upon the failure of the defendant to pay at such times; and in the absence of any designated time at which payment was to be made, the law will imply an obligation to pay when payment should be lawfully demanded. The notes were certainly due, and their payment legally required at the time of the rendition of the judgment against

the plaintiff and the defendant, on the 22d of February, 1856, and if the covenant is such that a cause of action then arose in favor of the plaintiff, in consequence of the failure of the defendant to pay said notes, the statute began to run at that time, and the plaintiff's action was barred.

The legal effect of a covenant in all respects similar to the one on which the present action is founded, was considered and determined by this court in the case of Ham vs. Hill,(29 Mo., 275), though that case seems to have escaped the attention of the counsel on both sides of this cause. That was an action on a bond executed by one partner to his co-partner, containing the following condition: "that, whereas the said John H. Hill having purchased the interest of the said James R. Ham, in the firm of Ham & Hill, in the carriage business, in the city of Boonville, Missouri, and has agreed with the said Ham to assume all partnership liabilities of the said firm, incurred between the 1st day of April, 1858, and the 1st day of July, 1858, and to pay the same whenever payment is demanded legally by the creditors of said firm; now, if the said Hill shall observe and keep said agreement, and pay said debts in manner and form above prescribed, then this bond to be void, otherwise to remain in full force. The breach alleged was the failure of the defendant Hill to pay certain debts of the firm incurred within the period mentioned in the bond, payment of which had been legally demanded, and for which suit had been brought by the creditors of the firm against the plaintiff.

It was the opinion of this court that the undertaking of the defendant in that case was not one of indemnity merely, but that "in promising to pay debts for which, as a firm they were jointly liable, the defendant thereby incurred an obligation which was violated, and for which a right of action accrued to the plaintiff when he failed to pay them on demand of the creditors."

In the matter of Negus (7 Wend., 499) cited in the opinion delivered in the foregoing case, Savage, C. J., in considering a covenant made by one partner to another, to pay the debts

of the firm, and also to indemnify the obligee, said, "When indemnity alone is expressed, it has always been held that damage must be sustained before a recovery can be had ; but where there is a positive agreement to do the act which is to prevent damage to the plaintiff, there an action lies, if the defendant neglects or refuses to do such act ; and where the covenant is both to do the act and to indemnify, we must resort to the intention of the parties."

These authorities are decisive of the point in issue here. The covenant in question is not one of indemnity, and a right of action for the breach thereof existed in favor of the plaintiff, certainly, on the 22d day of February, 1856, if not before ; and the circuit court properly held that his action was barred.

The judgment must therefore be affirmed. All the judges concur, except Judge Vories, who is absent.