ROY, C.
— This is a proceeding by scire facias on a bond given for the appearance of the defendant Holt, in the circuit court of New Madrid county, to answer a charge of grand larceny.
The appellants herein, Lee Hunter and J. A. Cresap, were sureties on the bond. The defendant Holt forfeited the bond and the sureties were duly served with process. Judgment was rendered against them for the amount of the bond, and they have appealed.
*601 Holt was' arrested on a warrant issued, on April 9, 1908, by J. D. Stop, a justice.of the peace of New Madrid county, and on the same day he was brought before the justice to answer. He waived preliminary examination, and bail was fixed by the justice at the sum of five hundred dollars, and in default of bail he was committed to jail to await the action of the circuit court. The amount of his bail as so fixed was at the time indorsed on the warrant' of commitment by the justice. Holt was held in custody by the jailer under the warrant of commitment from April 9th until April 18,1908, when he was released bn the bend now in controversy, which was taken and approved by the sheriff in the amount fixed by the justice.
The information charging Holt with grand larceny was filed September 10, 1908, in the circuit court, and a default was entered at the September term, 1908,
I. The point is made by the Attorney-G-eneral that the bill of exceptions was not signed by the trial judge, but as he concedes that the question in issue can be raised on the record proper, no further notice will be taken of that proposition.
II. The appellants contend that section 5126, Revised Statutes 1909, does not authorize the sheriff to admit to bail a person committed to jail by a magistrate on account of failing to give bond to await the action of the circuit court when the amount of bail has been fixed and indorsed on the warrant by the magistrate. That section is as follows:
“When any sheriff or other officer shall arrest a party by virtue of a warrant upon an indictment, or shall have a person in custody under a warrant of commitment on account of failing to find bail, and the amount of bail required is specified on the warrant, or if the case is a misdemeanor, such officer may táke bail, which in no case shall be less than one hundred *602 dollars, and discharge the person so held from actual custody.”
It must he that a prisoner confined in jail under such circumstances is in the custody of the sheriff in accordance with provisions of section 1573, which provides as follows:
“The sheriff of each county in this State shall have the custody, rule, keeping and charge of the jail within his county, and of all the prisoners in such jail, and may appoint a jailer under him, for whose conduct he shall he responsible; hut no justice of the peace shall act as jailer, or keeper of any jail, during the time he shall act as such justice.”
None of the authorities cited by appellants supports their contention. On the other hand, the plain reading of the section in controversy supports the validity of the bond. That construction is supported by other sections of the statute in pari materia. It will be noticed that section 5048 provides for commitments to jail by courts and judges. Section 5041 directs the magistrate to indorse on the warrant of commitment the amount of bail required. This section plainly contemplates that the bail shall he taken pursuant to section 5126' by the sheriff, as was done in this case.
The judgment herein is affirmed.
Bond, G., concurs.
PEE CURIAM.
— The foregoing report of the commissioners is hereby adopted as the opinion of the court.