DELMAR INVESTMENT COMPANY et al. v. EDWARD G. LEWIS et al., Appellants.

In Banc, June 30, 1917.

1. **SUIT ON BOND: Proof of Damages: Indemnity or Covenant?** If the principal in the bond thereby obligated himself to hold the obligees harmless and to pay as and when required by law all special taxes levied by a city against specified property for improving a certain boulevard, the obligation is not a contract of indemnity under which damages must be sustained and proven before a recovery on the bond can be had, but an affirmative covenant on which a right of action accrues on failure of the obligors to pay.

2. ———: **To Pay Special Tax Bills: Prima-facie Evidence.** In a suit on a bond whereby the obligors covenanted to hold the obligees harmless and to pay all special tax bills levied by a city against specified property for street improvements, the tax bills are prima-facie evidence of the regularity of the proceedings underlying their validity. The statute making the tax bills prima-facie evidence of certain things is not to be limited in its application

to suits brought by holders of the tax bills against the owners of the property.

3. SPECIAL TAX BILLS: Presumption: Construction of Statute. Section 9408, Revised Statutes 1909, making special tax bills issued for a public improvement, in any action thereon, prima-facie evidence of certain things, is to be liberally construed, and the probative force of such tax bills, when admitted in evidence, is accompanied by the presumption indulged in favor of the authorized acts of public officers and of the validity of public records.

4. STREET IMPROVEMENT: Defective Resolution of Council. A resolution of the board of aldermen declaring "that it is deemed necessary to improve Delmar Boulevard in the city of University City, between the easterly city limits and the west line of Oberlin Avenue, by bringing to grade and paving and curbing the same, such curbing to be set out into the street beyond the sidewalk, and the board of aldermen hereby declares such work of improvement necessary to be done, and that in its judgment and opinion the general revenue fund of the city is not in a condition to warrant an expenditure therefrom for bringing the said boulevard to the established grade," is defective, in that it is not so framed as to impart definite information concerning the proposed work and does not meet the requirements of the mandatory statute (Sec. 9411, R. S. 1909) which declares that the resolution, among other things, "shall declare such work or improvement necessary to be done." [Following Brick Const. Co. v. Gentry County, 257 Mo. 1. c. 395; overruling Delmar Co. v. Lewis, 180 Mo. App. 22; approving City of Kirksville v. Coleman, 103 Mo. App. 215; and distinguishing Gist v. Construction Co., 224 Mo. 369.]

Appeal from St. Louis City Circuit Court.— *Hon. Eugene McQuillin,* Judge.

REVERSED.

*Fauntleroy, Cullen & Hay, Anderson, Gilbert, Hayden & Levi* and *John A. Blevins* for appellants.

(1) The bond sued on was one of indemnity, and as there was no evidence of the payment of any money by respondents or that they were damaged, they could at most recover only nominal damages. Walker v. Deaver, 79 Mo. 664; Hunt v. Marsh, 80 Mo. 396; Kellog v. Malin, 62 Mo. 433; Buren v. Hubbel, 54 Mo. App. 617; Bartlet v. Tinsly, 175 Mo. 329. (2) The court erred in holding that the tax

bills in question were prima-facie evidence of the regularity of the proceedings for such special assessments and the validity of the tax bills. Sec. 9408, R. S. 1909. (3) It was not shown by the evidence that the city of University City or the board of aldermen had taken the necessary legal steps to authorize the issuance of the special tax bills and the same were therefore void. (a) The resolution of the board of aldermen was fatally defective. It did not give the board jurisdiction over the improvement of said street. (b) Said resolution was defective in that it did not set forth a description of the material and the kind of work to be done in the improvement of the street in question, and failed to contain or refer to any specifications for said work. (c) Said resolution included the cost of bringing said street to the established grade, at the expense of the property owners, without describing the work of bringing such street to the established grade, as required by Sec. 9410, R. S. 1909. Smith v. Westport, 105 Mo. App. 221; Kirksville v. Coleman, 103 Mo. App. 215. (d) Said resolution failed to describe the proposed work or to give any description of the materials to be used or any intimation of the cost. Coulter v. Construction Co., 131 Mo. App. 230; Kirksville v. Coleman, 103 Mo. App. 215. (e) The said resolution contained no specification or reference thereto, whereby the property owners might inform themselves as to said improvement and its cost. (f) There is no evidence that the board of aldermen notified the property owners by publishing said resolution, as required by Sec. 9411, R. S. 1909. (4) There was no evidence that the board of aldermen received or did not receive any protests against said improvement by the property owners. There is no finding by the board of aldermen that a majority of the property owners failed or neglected to file a protest against said improvement, as required by the statute.

*Boyle & Priest, W. B. Priest* and *Charles T. Abeles* for respondents.

(1) The bond on which this action is brought contains an express covenant to pay all taxes levied against re-

spondents' property. It is not, therefore, merely an indemnity bond, but one upon which liability arises immediately its conditions are broken, regardless of whether or not respondents have paid the tax bills or have been damaged by reason of appellants' failure to do so. Ham v. Hill, 29 Mo. 275; Bank v. Leyser, 116 Mo. 51; Loewenthal v. McElroy, 181 Mo. App. 399; Pierce v. Plumb, 74 Ill. 326; Shattuck v. Adams, 136 Mass. 34; Trust Co. v. Surety Co., 214 Pa. St. 163. (2) The special tax bills were properly introduced in and received as evidence. (a) Sec. 9408, R. S. 1909, is operative in the case at bar. Fruin v. Meredith, 145 Mo. App. 605; Gist v. Construction Co., 224 Mo. 378. (b) The legal relationship of appellants and respondents is similar to that of principal and surety, and the respondents are entitled in this action to all the rights and remedies of the holder of the tax bills. 32 Cyc. 20; Rubey v. Watson, 22 Mo. App. 434. (c) The tax bills are required by law to be issued. They are, therefore, admissible to prove that which they purport to show, and being once admitted they are prima-facie valid. Ronkendorff v. Taylor's Lessee, 4 Peters (U. S.), 349; Paving Co. v. Ullman, 137 Mo. 568; State ex. inf. v. Heffernan, 243 Mo. 453. (3) The tax bill cannot be presumed invalid, but must be proved so by affirmative evidence. The evidence touching upon the preliminary procedure failed to reveal the defects urged by the appellants against the tax bills. (a) The statutes do not require the work other than grading to be described in the resolution, and it would be a piece of judicial legislation so to hold. Lexington ex rel. v. Bank, 130 Mo. App. 695. (b) The failure to describe the work of bringing the street to grade is, in this instance immaterial. Haag v. Ward, 186 Mo. 325. (c) The publication of the resolution is not only presumed, but was satisfactorily established.

WALKER, J.—This is a suit on a bond made by Edward G. Lewis as principal and James F. Coyle as surety, to the plaintiffs. The conditions of same are that the makers will hold the plaintiffs, the Southern Real Estate & Financial Company and Charles J. Cella and their proper-

ty on the north side of Delmar Boulevard within the limits of University City harmless against and pay as and when payable all the special taxes that may be levied by the said city of University City against the property aforesaid called the "Delmar Race Track" for the grading, construction, paving and improvement of Delmar Boulevard within the limits of said University City, including the curbs and sidewalks. The breach assigned is the failure of the obligors to pay two certain tax bills alleged to have been levied against the property in question, for the grading, construction, paving and improvement of Delmar Avenue, one of said tax bills being in the sum of $5260.32 and the other for $321.28, each bearing interest at the rate of eight per cent. per annum from September 30, 1910. The petition alleges that upon the completion of the work August 31, 1910, University City by its officers issued and delivered to the Fruin-Colnon Construction Company these tax bills; that notice of the issuance of same and demand for their payment was made upon plaintiffs by said Construction Company September 13, 1910, and that the principal due thereon, with interest as stated, was by virtue of the levying of such tax bills justly due and payable; that payment has been demanded and refused; that said tax bills became and are by their issuance and delivery valid and subsisting liens upon the property. Judgment was demanded for the penalty of the bond, $25,000, and that execution issue for $5491.60, with interest at eight per cent per annum from September 30, 1910.

The answers were general denials.

A trial before a court and jury resulted, under the direction of the court, in a verdict in favor of plaintiffs in the sum of $6098.01 and costs, from which defendants appealed to the St. Louis Court of Appeals, which affirmed the judgment of the trial court (180 Mo. App. 22), but certified the case here for final determination on the ground that "the Kansas City Court of Appeals had placed a different construction on sections 9410 and 9411, Revised Statutes 1909, than that of the St. Louis Court of Appeals in City of Kirksville ex rel. v. Coleman, 103 Mo. App. 215,

and the Supreme Court in Gist v. Construction Co., 224 Mo. 369.''

I.   It is contended that the obligation herein is one of indemnity alone and that proof of damage must precede a right of recovery.   The principal, Lewis, obligated himself by this undertaking to hold the plaintiffs harmless and to pay as and when required by law the special taxes levied by the said city against the property specified for improving Delmar Boulevard.   This constituted a promise to pay the special taxes when due and thus discharge the obligees.   An obligation of this character is not a contract of indemnity under which damages must be sustained before recovery can be had, but an affirmative covenant on which a right of action accrues on failure to pay. [Salmon Falls Bank v. Leyser, 116 Mo. 1. c. 74; Loewenthal v. McElroy, 181 Mo. App. 1. c. 405.]

*Proof of Damages.*

II.   It is insisted that the trial court erred in holding that the tax bills were prima-facie evidence of the regularity of the proceedings underlying their validity.   This contention arises from the construction given the statute in relation to the probative force of special tax bills, which is as follows:   ''Such special tax bills shall, in any action thereon, be prima-facie evidence of the regularity of the proceedings for such special assessment, of the validity of the bill, of the doing of the work and of the furnishing of the materials charged for, and of the liability of the property to the charge stated in the bill.'' [Sec. 9408, R. S. 1909.]

*Tax Bills As Prima-Facie Evidence.*

Thus construed this statute is limited in its application to suits brought by holders of such tax bills as are here under consideration, against the owners alone of the property.   We are not impressed with the force of this contention.   This statute is a part of the general code relative to cities of the fourth class and has particularly to do with public improvements therein.   Such laws are

looked upon with a kindly eye by the courts, or to put it in stereotyped phrase, are liberally construed. [Gist v. Construction Co., 224 Mo. l. c. 378; Fruin v. Meredith, 145 Mo. App. l. c. 605.] This construction is not limited merely to statutes which have immediately to do with the enforcement of special tax bills themselves, but, as illustrated in the Gist case, supra, which was an action for injunction relief, the rule is applied generally to statutes which have to do with public improvements. Limited, therefore, as is the letter of the particular statute (9408), "to actions on tax bills," under the rule, that such laws should be liberally construed, the trial court's classification as to the nature of such bills as evidence was not error. Furthermore, these bills were required by law to be issued and they were registered and attested by the proper officer. [Sec. 9406, R. S. 1909.] When admitted in evidence their probative force is accompanied by that presumption indulged in favor of the authorized acts of public officers and of the validity of public records. Confirmatory of this conclusion we said in State ex inf. v. Heffernan, 243 Mo. l. c. 453:

"No proposition is better settled or more universally recognized than that every intendment of law is made in favor of the regularity of corporate acts and proceedings. Where records are kept of municipal acts and proceedings the law is clearly defined that the same are receivable in evidence of the truth of the facts recited; and it would seem to be a rule that when so produced they establish themselves; because they are made by accredited agents, are of a public nature and notoriety, and are usually made under the sanction of an oath of office."

As was said in argument by plaintiffs: Such bills are not only evidence of indebtedness; they are official declarations in documentary form that the property therein has been taxed, and are to be looked upon with favor as public documents and hence entitled to be self-proving. If, however, a doubt can arise as to the evidentiary character of these bills to prove the regularity of the proceedings, substantial proof was made in addition to establish that fact by a showing that the bills were regularly is-

sued, that the material necessary for the performance of the work was furnished, that the work was performed and that the property was liable to the charge.

III. It is contended that the resolution passed and published by the board of aldermen as a requisite precedent condition to the letting of the contract for the improvement of the boulevard, was defective. This complaint urges that the purpose of this resolution under the statute was to inform the resident owners of property liable to taxation of the nature of the proposed improvement, that they might be enabled to intelligently protest against the same. The resolution is as follows:

**Resolution.**

"Resolved. That it is deemed necessary to improve Delmar Boulevard in the city of University City, between the easterly city limits and the west line of Oberlin Avenue, by bringing to grade and paving and curbing the same, such curbing to be set out into the street beyond the sidewalk, and the board of aldermen hereby declares such work of improvement necessary to be done, and that in its judgment and opinion the general revenue fund of the city is not in a condition to warrant an expenditure therefrom for bringing the said boulevard to the established grade."

The statute (Sec. 9411, R. S. 1909) in regard to the adoption and publication of this resolution, provides among other things that it "shall declare such work or improvements necessary to be done." The statute is mandatory and to hold that its purpose was other than for the information and guidance of those whose property was to be affected would render it practically useless. It should therefore be so framed as to impart some definite information concerning the proposed work. This resolution does not meet these requirements, and hence, in conformity with our ruling in Brick Const. Co. v. Gentry County, 257 Mo. l. c. 395, in which WILLIAMS, J., speaking for the court declared a like indefinite resolution to be insufficient, we so hold here. This conclusion is not in harmony with that reached by the St. Louis Court

of Appeals in Delmar Co. v. Lewis, 180 Mo. App. 22, and that opinion in so far as in conflict herewith is overruled and the opinion of the Kansas City Court of Appeals in City of Kirksville v. Coleman, 103 Mo. App. 215, is approved. Whether the work to be done is in the making of a street or the improvement of one already made, our holding does not contemplate that the resolution shall embrace the minutiae of plans and specifications, but instead of meaningless generalities that it shall give some definite practical information of the nature and character of the proposed work to those entitled to be informed thereon that they may govern themselves accordingly.

This ruling is not in conflict with that in Gist v. Construction Co., 224 Mo. 369. In that case the statute construed (Laws 1903, p. 69) concerned street improvements in cities of the second class, and was not only different in phraseology but in its requirements from that now under consideration. While we approve the reasoning in the Gist case as to the manner statutes regulating public improvements should be generally construed, the reason for the specified requirements in the resolution here do not exist in the statute construed in the Gist case.

IV. If, as we hold, the resolution did not meet the re-
Protests. quirements of the law, it is not necessary to determine whether there was any affirmative showing that no protests were filed. If the resolution had been sufficient then the presumption as to the regularity of the proceedings of the board of aldermen as a public body, might, in the absence of proof to the contrary, as held by the St. Louis Court of Appeals (180 Mo. App. 1. c. 31), be regarded as persuasive evidence that no protests were filed.

Other contentions made by defendants, not having been properly preserved for review, must be disregarded. Our holding as to the insufficiency of the resolution required by section 9411, Revised Statutes 1909, necessitates a reversal of this case and it is so ordered. All concur except *Woodson, J.,* who dissents, and *Bond, J.,* not sitting.