W. G. BRAY, Respondent, v. TILDA CULP, Widow of H. P. CULP, Deceased, OTTO CULP and URSEL CULP, Children of H. P. CULP, Appellants.

Springfield Court of Appeals, February 28, 1920.

1. **CONTRACTS: Instrument Must be Interpreted in the Light of Surrounding Circumstances.** A written instrument must be interpreted in the light of the circumstances under which it was given and to accomplish its purpose.

2. LIMITATION OF ACTIONS: Indemnifier's Liability Does Not Arise Until Actual Payment by Person to be Indemnified. Where the undertaking is to protect one from liability, the cause of action accrues when the liability becomes fixed, but when it is one to indemnify for loss, then the cause of action does not accrue until actual payment.

3. INDEMNITY: Obligation Securing One Who Procured Bail Held "Obligation Against Liability" and Not "Indemnity for Loss." An instrument acknowledging the signers to be indebted on condition that others abide the condition of their appearance bond, which was given to one who procured the bond to protect him against liability, not of indemnity for loss, and the right of action thereon accrues when his liability becomes fixed.

4. LIMITATION OF ACTIONS: Liability of One Who Secured Bail Sureties Accrued Not Earlier Than Judgment Against Sureties on Appeal. The obligation of one who procured a bail bond for others to the sureties on the bond, under his agreement to indemnify them, becomes fixed, not when the trial court entered judgment on *scire facias* from which an appeal was taken, not only after the judgment on appeal, and the right of action on an instrument to protect him against liability accrues only at that time.

Appeal from Circuit Court of Dunklin County.—*Hon. H. B. Pankey*, Special Judge.

AFFIRMED.

*Orville Zimmerman* for appellants.

*John T. McKay* and *L. R. Jones* for respondent.

STURGIS, P. J.—This is a suit on the following written instrument, denominated a bond: "We, the undersigned, acknowledge ourselves to owe and to be indebted to W. G. Bray, of Senath, Missouri, in the sum of One Thousand Dollars, upon this condition: That Harry Champ and J. H. Holt abide the conditions of the appearance bond for grand larceny before the circuit court of New Madrid County, at such term or terms as may be provided for in said bonds. WITNESS Our hands and seals this the 15th day of April, 1908." It is signed by Mary Champ and H. A. Culp. The defendants are heirs

of said H. A. Culp, it being alleged that said Culp died leaving a considerable estate which descended to said defendants.

A literal reading of this obligation is that the obligors will owe W. G. Bray, this plaintiff, one thousand dollars if Champ and Holt do not appear in court according to their appearance bond; but when read in the light of the circumstances under which and of the purpose for which given, it must mean that the obligation will be void if said persons appear in court as required. Nor does this instrument evidence a mere bet or wager on the appearance or non-appearance of the parties named. This much is conceded.

The only defense urged in this court is the statute of limitations and that in turn depends on when plaintiff's cause of action accrued—whether on the failure of the persons named to appear in court or when plaintiff, the obligee, lost or became liable for something by reason of such failure. The trial court took the latter view of the obligation, held that the case was not barred by the statute and in doing so defendants claim erred ''in holding the bond sued on to be an indemnifying bond instead of a bond with affirmative covenants to do certain things.''

The material facts bearing on the controversy are that the persons mentioned in this obligation, Champ and Holt, were arrested and committed to jail in New Madrid County to await trial on a charge of grand larceny. The bail bond of each was fixed at $500. The plaintiff, Bray, in order to have said parties released on bail procured Lee Hunter and J. A. Cresap to sign the bail bond. To do this plaintiff, and certain sureties, executed a bond in the sum of one thousand dollars to indemnify and save harmless the said Hunter and Cresap by reason of signing the bail bonds of Holt and Champ. Plaintiff at the same time took the obligation now in suit for his protection. The persons signing the present obligation, H. A. Culp and Mary Champ, were relatives of the prisoners Holt and Champ and were the moving cause in procuring

the bail for them. Plaintiff was acting for them in procuring the bail bond in the manner stated and relied on the instrument sued on for his protection in agreeing to indemnify the persons he induced to sign the bail bonds.

Holt failed to appear for trial and his default was entered at the September term, 1908, of the New Madrid Circuit Court; a forfeiture was taken on his recognizance and *scire facias* issued to his bondsmen, Hunter and Cresap. Such proceedings were then had that judgment was rendered at the March term, 1909, on that bail bond for $500 and costs against the sureties, Hunter and Cresap. H. A. Culp was then present and, recognizing his ultimate liability, insisted that the validity of the bail bond be further contested by appeal and at his instance the case was appealed and the validity of the bail bond and the liability of the sureties were finally adjudged by the Supreme Court in May, 1911, in State v. Holt, 234 Mo. 598, 137 S. W. 877. Thereupon this plaintiff, recognizing his liability to the sureties on the bail bond, paid to them the amount of the judgment on that bond and said sureties paid and discharged said judgment. H. A. Culp had died May 23, 1909, pending the appeal to the Supreme Court and shortly after such appeal was taken. Administration was then had on his estate.

Both parties agree that the instrument sued on must be read and interpreted in the light of the circumstances under which it was given and be so interpreted as to accomplish its purpose. The intention of the parties gathered from such circumstances and their own acts in carrying out the agreement is of prime importance in determining the true import of the writing. [Coal & Iron Co. v. Coal Co., 176 Mo. App. 407, 158 S. W. 420.]

When, then, did the parties intend that an obligation should arise on the part of the persons signing this instrument to pay this plaintiff any amount thereunder? The argument on behalf of defendants is that the bond in question is more than an indemnifying bond; that it is one with an affirmative undertaking that the prisoners named would abide by the conditions of this appearance

bond and would appear for trial at the September term of Court 1908; that when a bond contains affirmative covenants to do certain things the obligee has a cause of action as soon as there is a breach of the covenant; that a cause of action accrued to plaintiff when Holt failed to appear at the September term of court in 1908, (or perhaps when judgment was rendered in the circuit court on the bail bond in March, 1909); that said cause of action accrued in the lifetime of H. A. Culp and could and should have been presented against his estate within two years after the grant of administration thereon in June, 1909; that as this was not done, the first suit on this claim having been brought in September, 1911, the claim is barred under section 191, Revised Statutes 1909.

The defendants' premises are correct, but their conclusion is wrong. The cases cited by defendants support the proposition that where a bond is conditioned on affirmative covenants to do certain things, the failure to do which subjects the obligee to liability or the doing of which would relieve him from liability, then the bond is not merely one of indemnity for a loss paid but a cause of action accrues on the failure to do the thing covenanted. [Salmon Falls Bank v. Leyser, 116 Mo. 51, 22 S. W. 504; Ham v. Hill, 29 Mo. 277; Rowsey v. Lynch, 61 Mo. 560; Nowell v. Mode, 13 Mo. App. 232, 111 S. W. 641; Delmar Inv. Co. v. Lewis, 271 Mo. 317, 196 S. W. 1137; Lowenthal v. McElroy, 181 Mo. App. 399, 405, 168 S. W. 813.] Thus in Ham v. Hill, supra, a bond was given to a retiring partner conditioned that the other partner would pay all the firm debts when due. It was held that a failure to pay a firm obligation when due was a breach of the bond whether the retiring partner had paid same or not, since the object was to relieve him of liability or furnish him means to discharge such liability. To the same effect is Rowsey v. Lynch, supra. In Delmar Inv. Co. v. Lewis, supra, the bond was conditioned to pay all special tax bill against certain property owned by the obligee and it was held not to be bond of indemnity merely, to repay taxes after the landowner had paid same,

but to prevent or extinguish the liability of such land-owner. The cause of action accrued on the failure to pay such taxes for the failure to pay left the landowner liable. In each of the cases cited the bond was held to be one protecting the obligee from liability rather than to in-demnify him for loss from liability. The distinction be-tween obligations against liability and those of indemnity for loss sustained has been well defined in liability in-surance cases. [Stag Mining Co. v. Fidelity Co., 209 S. W. 321; Conqueror Zinc & Lead Co. v. In. Co., 152 Mo. App. 332, 338; 133 S. W. 156; Dunham v. Casualty Co., 179 Mo. App. 558, 564, 162 S. W. 728; Realty Co. v. Ins. Co., 179 Mo. App. 123, 136, 142, 161 S. W. 631.] Where the undertaking is to protect one from liability, the cause of action accrues when the liability becomes fixed, but when it is one to indemnify for loss then the cause of action does not accrue until actual payment.

We think defendants are correct in construing the present obligation as one against liability rather than one to indemnify for loss. The language of the obliga-tion, when read in the light of the purpose for which it was given, imports an undertaking to protect plaintiff from liability arising from the failure of Holt to appear in court under his bail bond rather than merely in in-demnify him for loss occasioned thereby. This ruling is in accordance with Ham v. Hill, 29 Mo. 277 and the like cases heretofore cited.

The vital question therefore is as to when plaintiff's liability arose or became fixed. Certainly it was not at the time Holt failed to appear in court and thereby breached his bail bond. Plaintiff had not signed that bond and no *scire facias* thereon had issued against him. The sureties on that bond had a right to contest its val-idity as they did. If Holt had appeared at any time before final judgment on the bail bond the forfeiture would have been set aside on payment of costs. Accord-ing to the evidence plaintiff had only obligated himself to *indemnify* the sureties on the bail bond and no cause of

action accrued to them against him till the sureties on the bail bond paid such bond and certainly not before their *liability* became fixed by a final judgment on the *scire facias.* A judgment was rendered against the sureties on the bail bond in the Circuit Court March 31, 1909, but such sureties took an appeal therefrom to the Supreme Court, as they had a right to do, and had they won on that appeal neither loss nor liability would have attached as to them. [Parker v. Railroad, 44 Mo. 415.] The fact that defendants here encouraged and perhaps financed that certainly not in a better position, than if the appeal was solely at the instance and for the benefit of the sureties on the bail bond. No cause of action in favor of the sureties on the bail bond could arise against plaintiff while such sureties were contesting the validity of that bond.

It follows that no cause of action accrued on behalf of the sureties on the bail bond against this plaintiff till the final judgment on their appeal in the Supreme Court, in State v. Holt, 234 Mo. 598, was rendered May 23, 1911. Then for the first time the sureties on Holt's recognizance called on plaintiff to make good their liability for loss. Whether the cause of action against plaintiff in favor of such sureties accrued on such judgment being affirmed or when the sureties paid same, depends on whether plaintiff's obligation to them was one against liability or one of indemnity. As these dates are close together this is not important. Whichever date it was, then for the first time a liability against plaintiff was created in behalf of such sureties and also the consequent reciprocal liability of these defendants to plaintiff. Plaintiff could not have maintained a suit against H. A. Culp or his es-appeal may not place them in any worse position, but tate prior to that time for any amount and necessarily the Statute of Limitations did not begin to run prior thereto. [State ex rel. v. Logan, 195 Mo. App. 171, 176, 190 S. W. 75; State ex rel. v. Stonestreet, 92 Mo. App. 214, 218.]

This case does not call for the application of the doctrine, applicable to bonds of public officers and some others, that though a formal breach of the bond occurs giving a cause of action for nominal damages, the statute of limitation will not begin to run until substantial damages are suffered. [State ex rel. v. Musick, 145 Mo. App. 33, 130 S. W. 398; State ex rel. v. Logan, supra.]

Here, when plaintiff's cause of action accrued, it accrued once for all and for the full amount but it did not accrue till plaintiff became liable at least on his bond to the sureties on the bail bond; and it does not matter whether that occurred when the Supreme Court settled their liability by affirming the judgment of the trial court in May, 1911, or when such sureties paid such judgment in June, 1911.

It follows that the cause of action was not barred by the special statute of limitations of two years and what we have said disposes of all the errors assigned. The judgment is affirmed.

*Farrington, J.,* concurs.

*Bradley, J.,* not sitting.