CITY OF ROCK PORT EX REL. LYNCH-MCDONALD CONSTRUCTION CO., APPELLANT, v. A. MCMICHAEL ET AL., RESPONDENTS.*

Kansas City Court of Appeals. November 8, 1926.

918

*Corpus Juris-Cyc References: Appeal and Error, 4CJ, p. 726, n. 17; p. 1192, n. 58; Municipal Corporations, 44CJ, p. 551, n. 69; p. 662, n. 88; p. 666, n. 48; p. 683, n. 28; p. 684, n. 44; p. 836, n. 29.

*W. C. Ellison* and *Willard P. Cave* for appellant.

*Frazier & Mullins* and *Hunt & Hunt* for respondent.

ARNOLD, J.—This is an action on two special tax bills for certain paving done in the city of Rock Port, Atchison county, Missouri, a city of the fourth class. The suit was instituted by the city at the relation of the construction company doing the paving which also included the necessary grading therefor.

The cause was tried to the court; the tax bills involved in the suit were introduced in evidence. There was also oral evidence introduced by plaintiff. At the close of plaintiff's evidence, defendants asked and the court gave an instruction in the nature of a demurrer, and judgment for defendants was thereupon entered of record by the court and plaintiff's action was dismissed. A motion for a new trial was overruled and plaintiff appealed.

The petition is in two counts, the first of which alleges that Rock Port is a city of the fourth class; that relator, Lynch-McDonald Construction Company is a corporation duly organized and existing; that defendants W. H. Adamson, Geo. B. Donovan and J. V. Krusor are the trustees of Lodge No. 125, Independent Order of Odd Fellows, of Rock Port, Mo., owner of the lot involved in this suit. The petition alleges the passing by the board of aldermen of the city of Rock Port

of a resolution declaring it necessary to pave certain streets named therein, within said city; that said resolution was duly and timely published and printed in said city of Rock Port, and that a majority of the resident owners of the real estate liable for taxation to pay for said paving did not, within ten days thereafter, file protest as requested by law; that in pursuance to said resolution the board of aldermen of said city, on July 23, 1919, passed, and the mayor approved an ordinance No. 262, authorizing the paving of the streets named in the resolution; that thereupon the board of aldermen advertised for bids and having first had the city engineer make and return an estimate of the cost thereof, awarded the contract for said paving, including the necessary excavating therefor, to relators herein, at $3.35 per square yard of surface paved and $1 per cubic yard for necessary excavation; that said price did not exceed the estimate furnished by the city engineer; that said work was for paving Cass street in paving district No. 3; that said work was completed as per contract and accepted by the city of Rock Port and an assessment to pay the cost thereof was legally and properly made by ordinance, and special tax bills were issued accordingly; that "the north twenty-five and one-half feet of lot No. 1, in block No. 14, in Nuckell and White's addition to the city of Rock Port, in Atchison county, Missouri, having a frontage of 120 feet and —— inches on said street so improved has been charged with said sum of $86.87 as a special tax for said improvement . . . ; that payment of said tax bill, numbered 48, has been demanded and refused. Judgment is asked in the sum of $86.87 with interest and for enforcement of a lien against said property.

The language of the second count is the same as the first, except as to description of the property, and is based upon the paving of Main street in said city of Rock Port for a distance of 1320 feet, and states that the north twenty-five and five-tenths feet of Lot 1, block 14 of Nuckoll & White's addition fronts one hundred forty-five and one-half feet on Main street in said city and is in paving district No. 1 of said city, being the same lot as described in the first count; that said property was charged with the sum of $1719.13 and a special tax bill, No. 84, regularly issued therefor; that payment thereof has been demanded and refused. Judgment in said sum with interest and enforcement of a lien is asked.

The answer is, first, a general denial, and as a special defense, charges as to the first count of the petition, that special tax bill No. 48 seeks to charge the property of defendants with a certain sum, to-wit, $8.85, for bringing the streets, avenues and other highways in paving district No. 3 to the established grade; that the resolution passed July 2, 1919, does not include therein, nor describe the work of bringing such streets, avenues and other highways to

established grade, and that by reason thereof, said tax bill is void as to said sum of $8.85; that the property described in special tax bill No. 48 is not within the limits of paving district No. 3 and is not, therefore, subject to the lien asked.

It is alleged in the answer that the cost of the paving in district No. 3 is in excess of the total estimated cost by the city engineer by $910.36; that special tax bill No. 48 sued on contains a proportionate share of such excessive levy and assessment and is, therefore void as to such proportionate excess; that said tax bill No. 48 is void upon its face in that it does not set forth therein the number of cubic feet of earth relating to the lots and pieces of ground mentioned therein; does not set forth the number of square yards of paving, the charges per square yard and the aggregate sum of such paving assessed against the lots and pieces of ground mentioned in the tax bill, nor does it mention the name of the street upon which the said lot or pieces of ground abut, as required by law. The answer also charges that the proportionate cost of paving the squares and areas as formed by the crossing or meeting of intersecting streets and other highways and parts thereof, in said district No. 3, purporting to be chargeable against defendant's property, was not levied as a special assessment against said property, but that same was included in the special tax bill sued on and that the said special tax bill is therefore void; that the said city and relator did not enter into a written contract for the doing of said work relating to the improvements in district No. 3, as required by law; that the cost of constructing the sewer in said district is in excess of the contract therefor, and that the tax bill sued on includes a proportionate share of said excess and therefore is void; that said tax bill is void because it contains a proportionate share of the cost of the city water used in the work paid by relator to the city as per contract and is therefore void; that the said tax bill is void for the reason that the engineering cost of said improvement is included proportionately in said tax bill, and is therefore void, under section 21, article 2 of the Constitution of Missouri.

The answer to the second count is essentially the same as to the first, excepting as to amount, and alleges that tax bill No. 84 is void because it includes a proportionate share of the engineering cost of five per cent of the total cost of the improvement.

By permission of the court, defendants amended the answer, and, as this amendment pleads the matter forming the basis of this controversy, as we view it, it is set out in full, as follows:

"That said tax bills sued on in this suit, and each of them, are illegal and void, in this, that they were not in conformity with section 8502, Revised Statutes of Missouri, 1919, but are violative of said statute; that, under the 'front foot' rule, the whole amount of the cost for the paving of District No. —— must be divided by the

whole number of front feet in said district abutting on the distance improved; and the number of front feet of each separate piece of property abutting on the distance improved is to be multiplied by the quotient figure obtained as aforesaid; that plaintiff, instead of following said 'front foot rule,' calculated the area of the paving that each separate piece of property so abutting would have to pay for under the pretended contract, and divided the same by the number of lineal feet of each such separate piece of property, and used that quotient as the basis of competition.''

The reply is a general denial.

During the progress of the trial, it was developed by cross-examination of plaintiff's witness, Swan McDonald, connected with plaintiff corporation officially, that the amount of the two special tax bills sued on is arrived at by measuring from the curb of the property in question to the center of the street; finding the lineal feet in that block, reducing it to square yards and charging against the property in question its proportionate share of the cost of paving the block. It is defendant's contention that the assessment should be made in the proportion which a given lot or piece of property bears to the entire work under contract; and this position is conceded by plaintiff. It is admitted that the whole cost of pavement in a district must be divided by the whole number of lineal feet in the district and the assessment against each lot involved apportioned accordingly. [Frazier v. City, 199 Mo. App. 80; Chillicothe v. Henry, 136 Mo. App. 468; Sec. 8502, R. S. 1919.] It was shown by the testimony of witness McDonald that special tax bill No. 48 which, on its face, was for $86.87, under the erroneous method of computation employed, was $43.44 in excess of what it would have been if figured on the lineal feet method required by law; and that special tax bill No. 84 was likewise $258.08 in excess of what it would have been if properly figured. By permission of the court, plaintiff therefore credited each of said special tax bills with the amount found to be excessive.

It is charged the court erred in giving defendants' instruction in the nature of a demurrer at the close of plaintiff's evidence. In considering this point, it is well to bear in mind that suits on special tax bills are equitable in character and will be so treated on appeal. [Bates v. Realty Co., 267 S. W. (Mo.) 641.]

The position of plaintiff is that the trial court's action in permitting a correction of the amount of each tax bill was proper, and thereafter the court was in error in not rendering judgment for the corrected amounts of the tax bills. Defendants insist that the court was in error in permitting said corrections and that such corrections legally could have been made only by the party issuing the tax bills. We accept plaintiff's position as correct. Keeping in mind that this is an equitable suit, the language of LAMM, J., in Gist v. Const. Co., 224

Mo. 369, 123 S. W. 921, is very apt. We shall not quote from that opinion, but content ourselves with the observation that the eminent judge held therein that laws and ordinances anent the improvement of streets should be subjected to reasonable analysis and construction; they should not be subjected o overnice analyses or unfriendly constructions. If further light on this point is desired, a careful reading of Judge LAMM's opinion is suggested.

We gather from the record herein that defendants' chief contention is that the special tax bills involved were excessive in the amounts respectively credited on each. We hold the tax bills were invalid only as to the excess in each. In Reinert Bros. Const. Co. v. Whitmer, 206 S. W. 387, at p. 386, this court said:

"Taking the resolution in its entirety, it fails to comply with the provision of the statute as to the grading. Hence the tax bill is void as to that element or feature. This, however, does not call for the invalidation of the whole tax bill unless such cost is inextricably involved in and cannot be separated from the valid portion. The necessity for describing the grading in the resolution was in order that the cost of such grading could be included in the bill for the other costs. But this grading cost only amounted to $20.79, a very small item of the bill, and, on the face of the tax bill, this cost was separately stated. So that there is no difficulty whatever in eliminating the void item for grading from the other items that are valid. When this is the case, the whole tax bill should not be held void, but it should be sustained as to the other separate and valid items." [Citing City of Maryville v. Cox, 181 Mo. App. 254, 167 S. W. 1166, and other cases.]

Applying this reasoning to the case at bar, we hold that the trial court properly allowed the indorsement of the credit on each of the special tax bills in suit; and, having given this permission, it was error for the court to sustain defendants' demurrer to the evidence. We hold the error could properly be separated from the valid portion and equitably could be corrected in the manner employed. In other respects, the tax bills are held to be legal.

Under the provisions of section 8507, Revised Statutes 1919, the tax bills are held to be prima-facie evidence of the regularity of the proceedings for such special assessment; of their validity and the liability of the property to be charged. [Inv. Co. v. Lewis, 271 Mo. 317; Gist v. Const. Co., supra; State ex rel. v. Heffernan, 243 Mo. 442, 148 S. W. 90.] The testimony of record fails to show error in the procedure other than that involved in the method of computation to which we have referred. Defendants insist that the tax bills are void for another reason, to-wit, that the cost of paving the intersecting squares should be levied as a special assessment against the block or square contiguous to each, and pro-rated against the lots

or parcels of ground in such block or square abutting on the street improved.

This court is somewhat handicapped in not being furnished a diagram of the streets and districts involved, nor do the statements of fact of either party hereto inform the court as to the exact location of the property in controversy. But from the briefs of counsel we may be justified in concluding that the two streets involved, to-wit, Main street and Cass street, intersect at right angles; that the property involved in this proceeding is on one of the four corners of the intersection; that Cass street is in paving district No. 3 and Main street in district No. 1. The cost of paving one quarter of the intersecting place would be chargeable against said property, whether in district No. 1 or No. 3. The testimony fails to disclose any error in the amount of such assessment and none is pointed out to us. We must hold that defendants' position in this respect is untenable. In equity cases this court is required to consider the case *de novo* and to direct such judgment as in good conscience should have been rendered in the court below. The judgment is reversed and the cause remanded with directions to enter judgment in accordance with this opinion. *Bland, J.*, concurs; *Trimble, P. J.*, absent.