S. G. LOEWENTHAL, Respondent, v. EDMUND D. McELROY, ROBERT T. HERRICK and F. W. CASNER, Appellants.

Kansas City Court of Appeals, June 13, 1914.

1. **COVENANTS: Mechanic's Liens: Bonds.** The defendant McElroy conveyed real estate by warranty deed to plaintiff subject only to the lien of a deed of trust. The warranty deed covenanted against all other encumbrances and liens and to secure the performance of that covenant the defendants executed and delivered to plaintiff their bond in the penal sum of $2000. The defendants failed to pay the liens, attorney's fees, etc., and property was sold under the deed of trust and plaintiff brought this action to recover damages on the covenant. *Held*, that the breach of the covenant gave plaintiff the right to recover the damages that might naturally and reasonably result from the breach.

2. ——: ——: ——. The covenants or promises to perform some act for plaintiff's benefit as well as to indemnify and save him harmless from the consequences of nonperformance, the neglect to perform the act being a breach of the contract will give him an immediate right of action.

Appeal from Jackson Circuit Court.—*Hon. Jas. H. Slover*, Judge.

AFFIRMED.

*Roy B. Thompson* and *Sebree, Conrad & Wendorff* for appellants.

(1) The bond sued on is a penal bond of indemnity, and plaintiff's damages are the limit of liability.

Chew v. Kellar, 171 Mo. 223; Utter v. Sidman, 170 Mo. 294; Meyer v. Christopher, 176 Mo. 594; County of Johnson v. Wood, 84 Mo. 509; Burkes v. City of Kansas, 34 Mo. App. 580; Galloway v. Henderson, 130 Mo. 86; Hammer v. Breidenbach, 31 Mo. 49; Thompson v. St. Charles Co., 227 Mo. 220; Boulware v. Crohn, 122 Mo. App. 571. (2) The items proved do not come within the provisions of the bond sued on. Saunders v. Brosius, 52 Mo. 50; Mahoney v. Kansas City, 106 Mo. App. 45; Connoble v. Clark, 38 Mo. App. 476; Barrett v. Telegraph Co., 42 Mo. App. 542. (3) There was no damage suffered by plaintiff at the time of the institution of this suit, which time governs. Barber Asphalt Co. v. Ridge, 169 Mo. 384; Werth v. Springfield, 22 Mo. App. 12; Tobin v. McCann, 17 Mo. App. 481; Bank v. McMenamy, 35 Mo. App. 198; Lawler v. Vette, 166 Mo. App. 342; Jennings v. Zerr, 48 Mo. App. 528; Pinney v. Berry, 61 Mo. 359; Heard v. Ritche, 112 Mo. 516. (4) Amended petition was a substitution, not an amendment, and the motion to strike out should have been sustained. Liese v. Meyer, 143 Mo. 555; Barber Asphalt Co. v. Ridge, 169 Mo. 381; Saving Bank v. McMenamy, 35 Mo. App. 198. (5) The release of property from the lien of the judgment released appellant, who was a surety. Rice v. Morton, 19 Mo. 263; English v. Seibert, 49 Mo. App. 563; Bank v. Bartle, 114 Mo. 276; Lakenan v. Trust Co., 147 Mo. App. 48; Higgins v. Harvester Co., 181 Mo. 300.

*W. C. Reynolds* and *Robinson & Goodrich* for respondent.

(1) The bond sued on in this case contains an affirmative covenant, that is, a positive agreement on the part of defendants to pay and settle, within sixty days, the unsatisfied claims, then standing against the property in question. Salmon Falls Bank v. Leyser,

116 Mo. 61; Nowell v. Mode, 132 Mo. App. 232; Kohler v. Matlage, 72 N. Y. 260; Belloni v. Freeborn, 63 N. Y. 390; In the Matter of Negus, 7 Wend. 503; Wicker v. Hoppock, 6 Wall. 94; Thomas v. Allen, 1 Hill (N. Y.) 145; Churchill v. Hunt, 3 Denio (N. Y.) 321; Equitable Trust Co. v. Surety Co., 214 Pa. St. 163. (2) There may be several covenants or conditions in a bond, and the fact that, for some reason, no recovery may be had on some of the covenants or conditions, does not prevent a recovery on other covenants which have been broken. Presbury v. Fisher, 18 Mo. 52; United States v. Hobson, 10 Wall. 408; United States v. Mora, 97 U. S. 422.

JOHNSON, J.—The defendant McElroy, owned certain recently improved real estate in Kansas City which was encumbered by a deed of trust for $3,500. Mechanic's liens had been filed against the property on account of materials and labor furnished for the improvements and there were other claims for which liens might be filed. McElroy executed and delivered a warranty deed conveying title to plaintiff, subject only to the lien of the trust deed. The warranty deed covenanted against all other encumbrances and liens and to secure the performance of such covenant, McElroy as principal and the other two defendants as sureties, under date of March 28, 1911, executed and delivered to plaintiff their bond in the penal sum of $2,000, conditioned "if the said principal above named shall well and truly within sixty days from this date pay all bills and settle all unsatisfied claims against the property above described, and shall save the said S. G. Loewenthal or assigns, or the holder of the legal title to said property, harmless from any and all mechanic's liens or claims for improving said property now against the property or that may be placed against the property, and if he shall pay counsel to defend any suit or suits.

181 App. 26

that may be brought to assert such liens, if any, and if he shall pay any and all judgments or claims including's damages and costs that may be rendered in any such suit or suits, then this obligation shall be void, otherwise valid and binding.''

The petition which was filed in the circuit court of Jackson county August 10, 1911, alleged the existence of a number of mechanic's liens filed against the property and that plaintiff had been compelled to employ counsel at an expense of $100 to assist him in the investigation and defense of claims that had been filed as liens or were about to be so filed. The petition did not allege that plaintiff had paid any lien claims. After enumerating them it closed with the allegation ''that all of the aforesaid mechanic's liens and all of the said suits constitute valid and subsisting liens against the aforesaid real estate and the improvements thereon, and that the above-mentioned attorney fee of $100, constitutes a valid and subsisting charge against the said defendants, which by the provisions of the aforesaid bond, they bound and obligated themselves to pay; and that the said defendants have failed and refused to pay and discharge each and all of said liens and charges above-mentioned, although often requested by plaintiff so to do. Wherefore, plaintiff prays judgment against defendants for said sum of $2000, the penalty of said bond, that his damages by reason of the breach of said bond may be assessed, and that he may have execution therefor and for costs of this suit, and for such other order and judgment as the court shall deem just and proper in the premises.''

The cause was tried without the aid of a jury and judgment was rendered January 15, 1913, for plaintiff for the penalty of the bond to be satisfied on the payment of $449.90, assessed as the sum of the actual damages sustained by plaintiff on account of the breach. Defendant Casner alone appealed.

The damages assessed by the court consisted of three items, viz., first, $70 paid by plaintiff after the beginning of this suit in discharge of a judgment sustaining a mechanic's lien filed against the property by the Kansas City Mantel Company before the execution of the bond; second, $279.90, expenses incurred by plaintiff in and about the defense of a lien for $689.74, claimed by the Independence Planing Mill & Supply Company, for the enforcement of which an action was pending in the circuit court of Jackson county at Independence where the bond was given, and, third, $100 attorneys' fees paid by plaintiff for services in and about the defense of these demands and other claims the attorneys succeeded in clearing as liens against the property.

As to the first item the evidence shows it was a valid lien against the property which ripened into judgment and that plaintiff paid the judgment November 10, 1911, after the filing of this suit. Asked how much he paid, plaintiff said, "I haven't the figures but it is right at seventy dollars if I remember rightly."

Defendant argues that this answer was too indefinite to support the assessment but there is record evidence tending to show that the liability equalled that sum and we think the assessment as to amount is supported by substantial evidence. The only objection to this item we deem of sufficient consequence to merit discussion is the claim that since the judgment was not paid until after this suit was begun the loss thereby incurred is not a proper element of damages in an action on an obligation that was merely one of indemnity. We shall discuss that point after completing the statement of facts.

As to the second item, the Independence Planing Mill and Supply Company filed its lien in time but brought suit to enforce it in the circuit court of Jackson county at Independence. The property is situated in Kaw township and defendant claims that court

had no jurisdiction under a statute which provides:
"All mechanic's liens upon real estate situate in Kaw
and Westport townships in said Jackson county shall
be filed in the office of the clerk of the circuit court at
Kansas City and suits for the enforcement thereof
shall be brought in the circuit court at Kansas City."

At the time the bond was given it would have been
too late to commence a new suit for the enforcement
of the lien but the action at Independence was still
pending at the time the present suit was instituted and
during the proceedings prosecuted by plaintiff under
the advice of his attorney to clear the property of the
cloud of that asserted lien. The proceedings just re-
ferred to consisted of the sale of the property by the
trustee in the deed of trust, the lien of which was su-
perior to all of the mechanic's liens. That sale was
made at the request and for the benefit of plaintiff who
paid all of the expenses which consisted of $31.45 for
advertising; $70 commissions paid on a new loan re-
placing the one foreclosed; $25 trustee's fees; $4.25
recording fees, and $149.20 interest on the loan from
the time the bond required defendants to discharge the
lien to the date of the foreclosure.

Defendant attacks this item on the grounds that
the foreclosure was unnecessary and accomplished no
legal or practical result; that it was fraudulent and,
therefore, could not serve as a basis for the recovery
of damages and that since the bond was merely for
the indemnity of plaintiff, the damages claimed in this
item are not recoverable in this action which began
before the damages were sustained by plaintiff.

The principal objection to the third item is that
the services which did not consist, even in part, of the
defense in court of any of the lien suits, did not come
within the provision of the bond requiring the obligor
"to defend any suit or suits that may be brought to
assert such liens, if any."

The controlling issue in the case is whether the bond is to be classed as a mere bond of indemnity or as one containing an affirmative obligation—an undertaking of the obligors to do a specified act to prevent damage to the obligee. The rule is well settled that "where indemnity alone is expressed, it has always been held that damage must be sustained before a recovery can be had." [In the Matter of Negus, 7 Wend. 499.] The cause of action is determined, by the institution of the suit and if no damages have been sustained at that time, there can be no recovery though damages be incurred by the plaintiff pending the suit. But where the bond contains more than a covenant of indemnity, "where there is a positive agreement to do the act which is to prevent damage to the plaintiff, then an action lies, if the defendant neglects or refuses to do such act; and where the covenant is both to do the act and to indemnify, we must resort to the intention of the parties." [Bank v. Leyser, 116 Mo. 51.]

There may be several covenants or conditions in a bond and the fact that a recovery may not be had on one will not prevent a recovery on another which has been broken. [Presbury v. Fisher, 18 Mo. 52; U. S. v. Hobson, 10 Wall. l. c. 408; U. S. v. Mora, 97 U. S. l. c. 422.]

The following authorities support the proposition that if the covenant or promise be to perform some act for the plaintiff's benefit as well as to indemnity and save him harmless from the consequences of nonperformance, the neglect to perform the act being a breach of the contract will give him an immediate right of action [Bank v. Leyser, supra; In the Matter of Negus, supra; Nowell v. Mode, 132 Mo. App. 232; Kohler v. Matlage, 72 N. Y. 260; Belloni v. Freeborn, 63 N. Y. 390; Wicker v. Hoppcock, 6 Wall. 94; Thomas v. Allen, 1 Hill (N. Y.), 145; Churchill v. Hunt, 3 Denio (N. Y.), 321; Equitable Trust Co. v. Surety

Co., 214 Pa. St. l. c. 163; Kiewit v. Carter, 25 Nebr. 460; Jackson v. Post, 17 Johns. (N. Y.) 482; Lathrop v. Atwood, 21 Conn. l. c. 123; Pierce v. Plumb, 74 Ill. 326; Shattuck v. Adams, 136 Mass. 34; Locke v. Homer, 131 Mass. l. c. 109.]

The positive agreement in the bond that defendants, within sixty days, would "pay all bills and settle all unsatisfied claims against the property" was more than a mere promise to indemnify plaintiff against loss on account of such claims. It was a covenant to do an act to prevent damage and plaintiff may maintain this action despite the fact that at its institution he had not paid the judgment of the Kansas City Mantel Company or incurred the expense of getting rid of the cloud cast on his property by the action of the Independence Planing Mill Company. [Bank v. Leyser, supra; Ham v. Hill, 29 Mo. 275.]

The prime object and purpose of the bond was to protect plaintiff against the risk, annoyance and loss that might result to him from the assertion of liens against his property by requiring defendants to pay all such claims within sixty days. Oral evidence was admitted which tended to show that plaintiff bought the property intending to resell it immediately and that he required such stipulation in the bond, realizing he could not sell while the property was clouded with lien claims. But aside from such evidence the language of the bond expressed a mutual intention that within the stated time defendants should clear the title of all such clouds so that plaintiff would not be obstructed in selling the property if he chose. The breach of this covenant gave plaintiff the right to do the thing the defendants had agreed to do. Whether the liens asserted by the Mantel Company and the Planing Mill were valid or not they were clouds on the title and the loss reasonably sustained by plaintiff in removing them was properly regarded by the trial court as recoverable damages.

Certainly the amount paid in satisfaction of the Mantel Company's judgment falls within the purview of the bond. As to the lien of the Planing Mill Company the obligation of defendant was to pay that in full, and we do not think it lies in his mouth to question the method plaintiff pursued to procure the release of his property from that asserted at an expense of less than half the amount thereof. Defendant does not stand in the shoes of the Planing Mill Company and is in no position to assert that the foreclosure of the trust deed was in fraud of its rights.

The point that the item of attorneys' fees does not fall within the scope of the provision in the bond requiring the obligor "to pay counsel to defend any suit or suits that may be brought to assert such liens, if any" is well taken, but will not defeat a recovery of that item for the reason that the quoted clause is a part of the covenant of indemnity and does not relate to the independent affirmative covenant to pay lien claims. The breach of the latter covenant gave plaintiff the right to recover the damages that might naturally and reasonably result from that breach. The services of an attorney to assist in the removal of the clouds the breach left upon the title were necessary and, therefore, were a natural consequence of the breach.

Other questions are argued in the briefs but in what has been said we have sufficiently dealt with the case. There is no prejudicial error in the record.

Affirmed. All concur.