**AMERICAN SURETY CO. OF NEW YORK
v. FRANCISCUS et al.**

No. 12152.

Circuit Court of Appeals, Eighth Circuit.

May 6, 1942.

Rehearing Denied June 5, 1942.

Henry Davis, of St. Louis, Mo. (Bryan, Williams, Cave & McPheeters, of St. Louis, Mo., on the brief), for appellant.

Roland F. O'Bryen, of St. Louis, Mo. (Fred L. Williams, Fred L. English, and Richard S. Jones, all of St. Louis, Mo., on the brief), for appellees.

Before GARDNER, THOMAS, and RIDDICK, Circuit Judges.

THOMAS, Circuit Judge.

This is an appeal from a judgment in favor of the statutory trustees for the Franciscus Realty Company, plaintiffs below, against the American Surety Company of New York, defendant below, for damages in the sum of $17,378.11 with interest, and for an attorney's fee for plaintiffs' attorneys in the sum of $1,500, with costs.

The suit in which the judgment complained of was rendered was brought to recover damages for the alleged breach of a mechanics' lien bond issued by the defendant to the Franciscus Realty Company on August 19, 1927. The defendant denied liability. A jury was waived and the case was tried to the court upon an agreed statement of facts supplemented by certain exhibits introduced at the trial. The court made findings of fact and stated conclusions of law upon which the judgment is predicated.

Upon this appeal the American Surety Company contends (1) that the court should have dismissed plaintiffs' petition for failure to state a claim upon which relief can be granted; (2) that the court erred in its findings of fact; (3) that the court erred in excluding testimony offered by the surety company; and (4) that allowance of an attorney's fee for plaintiffs' attorneys is error.

██ The first contention was raised by a motion to dismiss interposed and overruled before answer was filed. The motion and the arguments in its support are based upon an erroneous construction of plaintiffs' theory of the case as alleged in their petition. Plaintiffs' cause of action is for damages for breach of the bond. To recover upon this claim it was incumbent up-

on plaintiffs to allege and prove (1) the execution of the bond, (2) the loan of $17,500 secured by a deed of trust upon the premises described in the bond, (3) the subsequent establishment of a mechanics' lien as prior to the trust deed, (4) the loss of the security by reason of the mechanics' lien and the failure of the defendant to "hold harmless the said Franciscus Realty Company", and (5) the amount of the damages sustained.

The Franciscus Realty Company appears to have been a corporation engaged in loaning money secured by deeds of trust or mortgages on real estate which it in turn sold to its clients. In 1933 the corporation was dissolved by an order of the state court and the plaintiffs were declared statutory trustees with all the powers and responsibilities of the corporation.

The circumstances giving rise to the execution of the bond in suit are recited in the bond itself. The bond reads:

"American Surety Company of New York
"Capital $5,000,000
"Company's Home Office
"100 Broadway, New York

"Know All Men By These Presents, That we, Lewis C. Hosack of Overland, Missouri, as Principal, and the American Surety Company of New York, a New York Corporation, as Surety, are held and firmly bound unto Franciscus Realty Company, a Missouri Corporation, of St. Louis, Mo., in the sum of Seventeen Thousand Five Hundred ($17,500.00) Dollars, for the payment of which, well and truly to be made, we bind ourselves, our heirs, executors, administrators, successors and assigns, jointly and severally, firmly by these presents.

"Signed, Sealed And Delivered this 19th day of August, 1927.

"The Conditions of the Foregoing Obligation Are such, That,

"Whereas, the said Franciscus Realty Company is about to make a loan of Seventeen Thousand Five Hundred ($17,500.00) secured *by a first deed of trust* on the following described property, situated in the City of St. Louis, Missouri, and owned by Fred W. Mieger and Eva Mieger, his Wife, to-wit:

"Lots No. 27 and No. 28 in Block 4 of Mount St. Edward and in Block No. 5254 of City of St. Louis, Mo., together fronting 49 feet, 6½ inches on the south line of Powers Ave., by a depth southwardly of

108 feet to an alley bounded east by Burd Ave., known as 2711–15 Burd Avenue.

"Whereas Lewis C. Hosack is about to erect for Fred W. Mieger and Eva Mieger, his wife, an eight (8) family apartment building on the above described property and the said Franciscus Realty Company desires to be protected against any Mechanics Lien or Liens which may be lawfully established against the said real estate and improvements hereinbefore mentioned and which may become a *prior lien* to said loan.

"Now, Therefore, if the said Lewis C. Hosack shall well and truly hold harmless the said Franciscus Realty Company against any and all loss which the said Franciscus Realty Company shall suffer by reason of any Mechanics Lien or Liens being lawfully established against the real estate and improvements hereinabove mentioned, then this obligation shall be null and void, otherwise to remain in full force and effect.

> "(Signed) Lewis C. Hosack,
> "American Surety Company
> of New York,
> "By O. L. Kincheloe,
> "Resident Vice President."

The petition alleged the execution of the bond, that the defendant surety company failed to comply with its provisions, and that as a result thereof plaintiffs have been damaged in the sum of· $17,378.11 with interest.

The circumstances constituting the breach of the bond and showing the amount of the damages claimed to have resulted therefrom were alleged in detail. In brief these circumstances are as follows:

On November 3, 1927, the Franciscus Realty Company (sometimes referred to hereinafter as the realty company) sold the deed of trust executed by Mieger and his wife upon the property described in the bond to Catherine C. Uhrig, L. H. Cowdery, Anna Steiner, and Lizzie Hesse for $17,780, guaranteeing to the purchasers that the deed of trust was a first lien on the property.

On April 25, 1928, the realty company was· served with a petition filed in the Circuit Court of the City· of St. Louis, Missouri, wherein the Boeckeler Lumber Company was plaintiff and L. C. Hosack, principal on the bond, and others were defendants. In .that petition the lumber company ·claimed that it had a. mechanics'

lien on the property described in the bond for lumber and material furnished by it and used in the construction of the building erected on the premises. The petition was forwarded to the surety company, and attention was called to the bond of August 19, 1927, the purpose of which, it was stated, "is to save harmless the Franciscus Realty Company from any loss by reason of liens against the above property." On May 3, 1928, the surety company wrote to the realty company referring to the Boeckeler Lumber Company case and saying, "This is to advise you that this matter is receiving our attention."

Judgment was rendered in the Boeckeler Lumber Company case, establishing the mechanics' lien as prior to the deed of trust, and the property was sold on execution April 24, 1934, and a sheriff's deed issued to the Archwill Realty Company.

Meanwhile on October 20, 1933, the trust deed was foreclosed by Uhrig et al. for default in payment. Thereafter, in 1935, Uhrig et al. brought suit in the state court to set aside the sheriff's deed to the Archwill Realty Company; a decree was entered for the plaintiffs in that suit, but upon appeal to the Supreme Court of Missouri the decision was reversed, and it was decreed that title was vested in the Archwill Realty Company. See Uhrig et al. v. Hill-Behan Lbr. Co., 341 Mo. 851, 110 S.W.2d 412.

In 1935, after the decision of the Supreme Court of Missouri in the Hill-Behan Lbr. Co. case, supra, was rendered, Uhrig et al., purchasers and holders of the deed of trust, filed suit in the state court against the plaintiffs as statutory trustees for the Franciscus Realty Company for damages on the ground that at the time the deed of trust was purchased the realty company had represented the deed of trust to be a first lien upon the property; that such representation was false in that a mechanics' lien was subsequently established upon the property; that the property had been sold on execution to Archwill Realty Company; and that the security was thereby lost. Judgment was eventually rendered in that suit against the plaintiffs, and upon execution levied by the sheriff the plaintiffs were compelled, on August 17, 1940, to pay the sum of $17,378.11 to the holders of the trust deed.

The surety company's answer admitted all the facts alleged in the petition and denied that the loss sustained. by the

plaintiffs was the result of the failure of the surety company to comply with the provisions of the bond. As an affirmative defense the surety company alleged that the proximate cause of plaintiffs' damage was the guaranty or alleged false representation of the Franciscus Realty Company inducing Uhrig et al. to purchase the deed of trust.

In reply plaintiffs denied the affirmative allegations of the answer and realleged that the damages complained of were suffered by reason of the establishment of the mechanics' lien, from the effects of which they were not held harmless by the obligors on the bond.

To support its first contention, namely, that its motion to dismiss should have been sustained, the surety company argues here, as it did in the district court, (a) that the petition states, and the agreed statement of facts shows, that the alleged false representation made by the Franciscus Realty Company to the effect that the trust deed was a first lien on the premises described therein was the proximate cause of plaintiffs' loss; and (b) that the loss sustained was not the result of the establishment of a mechanics' lien.

■ It cannot be said that the petition alleges that the damages sustained by plaintiffs resulted from the representations made to the purchasers of the trust deed. The petition expressly pleads the breach of the bond as the proximate cause of the loss. Neither can it be held that either the pleading or the facts show that such representations were the cause of the loss. It is true that had the Franciscus Realty Company not guaranteed and represented that the trust deed was a first lien on the mortgaged property the purchasers could not have recovered a judgment against the plaintiffs although the security was taken by reason of the establishment of the prior lien. It is also apparent that Uhrig et al. would not have purchased the trust deed without such a guaranty. It is equally obvious that the prior lien would have been established and the security would have been lost in the same way had the realty company kept the trust deed. The surety company is not in a position to complain because of an alleged false representation made to a third party since its own obligation was not affected thereby. Especially is this true where the bond was purchased by the realty company to protect it and to protect the lien of the trust deed against

just such a contingency as arose, that is, the establishment of a mechanics' lien as prior to the trust deed. It would be a travesty so to confuse cause and effect as to permit the obligor on a bond to escape liability because the obligee in the bond, relying on its validity, guaranteed its performance. Such a guaranty is not an intervening cause; it is an undertaking assumed by an investor in reliance upon the assurance of the bond and was in the contemplation of the parties when the bond was procured.

■ Further the court found as a fact that the realty company made no false representations at the time it sold the trust deed. At that time, November 3, 1927, there was no mechanics' lien in existence. The account for a mechanics' lien was not filed until January 24, 1928. After the account was filed the lien related back to the time the material was furnished and used in the building; until then it was inchoate only. McGonigle v. Foutch, 8 Cir., 51 F.2d 455; Douglas, Jr. v. St. Louis Zinc Co., 56 Mo. 388; Schulenberg v. Hayden, 146 Mo. 583, 48 S.W. 472; Joplin Cement Co. v. Greene County Bldg. & Loan Ass'n, 228 Mo. App. 883, 74 S.W.2d 250.

■ We conclude that the petition does not state, and that the agreed statement of facts does not show, that the representation of the Franciscus Realty Company to the effect that the trust deed was a first lien on the property described in the bond was false or that it was the proximate cause of the loss complained of.

The further contention of the surety company upon the first branch of its argument, namely, that the loss sustained by plaintiffs was not the result of the establishment of the mechanics' lien, is equally without merit.

■ The court found that the American Surety Company of New York is a New York corporation qualified to do business in Missouri and that the Franciscus Realty Company paid it a premium for the bond. Under these circumstances "Its obligations are * * * to be construed like other contracts, in accordance with the reasonable intent of the parties as plainly indicated by their terms." Missouri, K. & T. Ry. Co. v. American Surety Co. of New York, 291 Mo. 92, 236 S.W. 657, 660.

■ The questions to be answered in determining the reasonable intent of the parties are: What was the risk or hazard

against which the insured sought to be protected? and What was the risk assumed by the surety?

The recitations in the "conditions" of the bond itself answer these questions concisely and unequivocally. After stating that the realty company was about to make a loan of $17,500 secured by a first deed of trust on the described premises owned by Fred W. Mieger and his wife, the nature of the risk involved and the protection to be given by the bond are set out as follows:

"Whereas, Lewis C. Hosack is about to erect for Fred W. Mieger and Eva Mieger, his wife, an eight (8) family apartment building on the above described property and the said Franciscus Realty Company desires to be protected against any Mechanics Lien or Liens which may be lawfully established against the said real estate and improvements hereinbefore mentioned and which may become a *prior lien* to said loan.

"Now, Therefore, if the said Lewis C. Hosack shall well and truly hold harmless the said Franciscus Realty Company against any and all loss which the said Franciscus Realty Company shall suffer by reason of any Mechanics Lien or Liens being lawfully established against the real estate and improvements hereinabove mentioned, then this obligation shall be null and void, otherwise to remain in full force and effect."

After the bond was executed the very thing happened which the parties must have contemplated might possibly occur. A mechanics' lien was established against the property described growing out of the construction of the identical building referred to in the bond, and it did "become a prior lien to said loan." The lien was foreclosed and the premises were sold without right of redemption, resulting in the loss of the security. Neither Hosack, the contractor, nor his surety, the defendant, held "harmless" the realty company. The obligation of the bond was breached. The loss was the direct and proximate result of the breach of the bond. The damage sustained and complained of in this suit by the plaintiffs would not have resulted "but for" the lawful establishment of the mechanics' lien as "a prior lien to said loan", and the failure of Hosack and the surety company to "hold harmless the said Franciscus Realty Company."

The defendant argues further that the bond sued upon is not conditioned to indemnify against liability but only for indemnity against loss. A distinction is frequently made between bonds that insure against liability and bonds that insure against loss. The usual distinction pointed out is that the obligee's cause of action arises on the first type of bond the moment liability accrues, while under the second type the cause of action does not arise until the loss or damage is sustained. In many instances it has been held that under the second class of bonds it is the duty of the obligee to minimize the loss by discharging the liability when it arises and afterwards to compel the surety on the bond to recompense him. See Loewenthal v. McElroy, 181 Mo.App. 399, 168 S.W. 813; Pickering v. Hartsock, 221 Mo.App. 868, 287 S.W. 819; Crump & Trezevant v. Continental Casualty Company, 165 Tenn. 473, 55 S.W.2d 762; Columbia Casualty Co. v. Tibma, 7 Cir., 63 F.2d 538. See also Central Surety & Insurance Corporation v. Hinton, 233 Mo.App. 1218, 130 S.W.2d 235; Missouri District Telegraph Co. v. Southwestern Bell Telephone Co., 338 Mo. 692, 93 S.W.2d 19. In this instance the surety company did not limit its risk to one arising only when the realty company had done everything in its power by expenditure of its own funds to minimize the risk which it paid the surety company to assume. Guarantee Co. v. Mechanics' Sav. Bank & Trust Co., 6 Cir., 80 F. 766.

The general rule for minimizing damages is "that where a party is entitled to the benefit of a contract, and can save himself from a loss arising from a breach of it at a trifling expense or with reasonable exertions, it is his duty to do it; and he can charge the delinquent with such damages only as with reasonable endeavors and expense he could not prevent." Warren v. Stoddart, 105 U.S. 224, 229, 26 L.Ed. 1117; Cronan v. Stutsman, 168 Mo. App. 46, 151 S.W. 166; 25 C.J.S., Damages, § 34, p. 502. Under the Missouri law, which is controlling, that rule does not apply to the circumstances present here. In the first place, the Franciscus Realty Company was not the owner of the property described in the bond. It had no control over that property. It was only a mortgagee, and the surety company issued the bond to protect it in that relationship. "A mortgagee of land upon which buildings are to be erected is, however, not in the

same position as the owner." Trainor Co. v. Aetna Casualty & Surety Co., D.C.Pa., 49 F.2d 769, 772. Had the realty company, having no control over the premises and not being a party to the construction contract between the owner and Hosack, interfered and paid the lumber bill for which the mechanics' lien was established, plaintiffs would no doubt have been met in this suit with the defense that the realty company was a volunteer. Cronan v. Stutsman, supra.

In the second place, when the realty company notified the surety company that a suit to establish a mechanics' lien was pending the surety company answered "that this matter is receiving our attention." This assurance was not withdrawn. The bond was not repudiated at any time, and no notice was ever given that the contract to hold the realty company harmless had been abandoned. Until the assurance was withdrawn and notice of the abandonment of the contract was given to the realty company, the realty company had a right to rely upon the assurance and the bond was not bound to protect itself against the and loss covered by the contract. Cronan v. Stutsman, supra. The duty to minimize its damages would not operate until the realty company knew that it was suffering damages by breach of the bond. Pacific Can Co. v. Hewes, 9 Cir., 95 F.2d 42, 46; Cronan v. Stutsman, supra.

Finally, and sufficiently, before the surety company could invoke the rule, the burden rested upon it to plead and prove the facts necessary to support the inference that the realty company was "unreasonable" in neglecting to minimize the damages resulting from the failure to hold it harmless. Cronan v. Stutsman, supra; Lillard v. Kentucky Distilleries & Warehouse Co., 6 Cir., 134 F. 168, 178; Campfield v. Sauer, 6 Cir., 189 F. 576, 580, 38 L.R.A.,N.S., 837; Steger v. Orth, 2 Cir., 258 F. 619, 624; Howard Supply Co. v. Wells, 6 Cir., 176 F. 512, 516. The facts essential to warrant such an inference would be that the realty company relied upon the surety company's promise an unreasonably long time; that the realty company knew that Hosack and the surety company had abandoned the bond and failed and neglected to give the mechanics' lien suit attention in ample time to enable the realty company to take care of it; and that the damages could have been prevented thereafter by the realty company "at a trifling expense or with rea-sonable exertions." This hypothesis presented a fact question, and there was no finding upon it. The duty to minimize damages was not pleaded, and no evidence was offered and no facts stipulated to support such a theory.

There is no doubt the promise made by the surety company to give the mechanics' lien case attention, in effect to take care of it, and the realty company's reliance on that promise, resulted in augmenting the damages beyond what they probably would have been had the realty company pursued a different course. But the fact that the realty company was credulous and relied upon the promise and upon the bond for protection is no reason for dismissing the plaintiffs' petition.

The rule of Warren v. Stoddart, supra, and of Cronan v. Stutsman, supra, should not be invoked by a defendant as a basis for critical examination of the conduct of an injured party. Reasonably prudent action is required only after a breach of a contract is known; "not that action which the defendant, upon afterthought, may be able to show would have been more advantageous to him". The Thomas P. Sheldon, D.C.R.I., 113 F. 779, 781.

The court did not err in overruling the defendant's motion to dismiss the plaintiff's petition.

The defendant's second contention is that the district court erred in not receiving in evidence the instructions to the jury given by the Circuit Court of St. Louis in the case of Uhrig et al. against the plaintiffs. It is clear from what has already been said that the instructions in that case were not relevant to the issues in this case. Nothing the state court said or did in that case could diminish the responsibility of the defendant under the provisions of the bond in suit.

Upon the trial the court excluded an offer of testimony to the effect that when defendant received the notice of the pendency of the mechanics' lien proceedings it conferred with Hosack, the principal on the bond, and was informed by him that the claim would be defeated and that he had employed an attorney to defend the action. It is contended that the court erred in excluding this evidence. The argument to support this contention is that such testimony would show that defendant's negligence in relying on Hosack's statements was only on a parity with the

conduct of the Franciscus Realty Company in representing to Uhrig et al. that the deed of trust was a first lien on the property. This amounts to saying that the fact that the Franciscus Realty Company relied upon the obligation of the bond is an excuse for the defendant's neglect to perform its obligation. The statement of the proposition sufficiently demonstrates its want of merit.

Finally, defendant contends that the court erred in rendering judgment for an attorney's fee for plaintiffs' attorneys in the sum of $1,500. This exception is well taken.

Rule 9 (g) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides that "When items of special damage are claimed, they shall be specifically stated." Section 6040 of the Revised Statutes of Missouri 1939, Mo.R.S.A. § 6040, provides: "In any action against any insurance company to recover the amount of any loss under a policy of * * * indemnity, marine or other insurance, if it appear from the evidence that such company has vexatiously refused to pay such loss, the court or jury may, in addition to the amount thereof and interest, allow the plaintiff damages not to exceed ten per cent on the amount of the loss and a reasonable attorney's fee; and the court shall enter judgment for the aggregate sum found in the verdict." The Supreme Court of Missouri has declared that such damages and attorney's fees are "exemplary or punitive in character", Jones v. Prudential Ins. Co., 173 Mo.App. 1, 155 S.W. 1106, 1110, and that "there must be appropriate allegations in the petition showing that plaintiff claims and is entitled to these damages, and such allegations must be sustained by the proof." Fay v. Insurance Company, 268 Mo. 373, 187 S.W. 861, 865.

The petition in the instant case does not allege vexatious delay. There are no allegations showing that plaintiffs are entitled to damages for such delay and for an attorney's fee. Accordingly there is no support in the pleadings for the allowance.

The judgment must be modified by striking therefrom the provision allowing attorney's fees for plaintiffs' attorneys in the sum of $1,500, and, as so modified, is affirmed.