**Lee M. BROWN, Plaintiff,**

v.

**NIAGARA FIRE INSURANCE CO.,**
**a corporation, Defendant.**

**Civ. A. No. 1335.**

United States District Court
W. D. Missouri, S. D.

July 7, 1955.

Claude T. Wood, Richland, Mo., for plaintiff.

Stubbs, McKenzie, Williams & Merrick, Kansas City, Mo., for defendant.

RIDGE, District Judge.

In this removal action plaintiff seeks recovery upon an insurance policy, and under Section 375.420 of the Missouri Statutes, R.S.Mo.1949, V.A.M.S. for vexatious refusal to pay the proceeds thereof, plaintiff claims his statutory damages as follows: the amount of his loss, $2,000; the statutory ten per cent maximum penalty for vexatious refusal to pay, $200; and a "reasonable" attorney's fee. Plaintiff now questions by way of the instant motion to remand the presence in controversy of $3,000, our requisite jurisdictional minimum. 28 U.S.C. § 1332.

As defendant admits, the only way by which its removal can be justified is to assume that the "reasonable" attorney's fee to which plaintiff is entitled under the statute would in this case be in excess of $800. If so, such fee may be included in computing the jurisdictional amount. Missouri State Life Ins. Co. v. Jones, 290 U.S. 199, 54 S.Ct. 133, 78 L.Ed. 267.

It must be remembered that the burden is on defendant to affirmatively show that the matter here in controversy is in excess of the $3,000 minimum. McNutt v. General Motors Corp., 298 U.S. 178, 182, 56 S.Ct. 780, 80 L.Ed. 1135; Collins v. Public Service Comm., D.C.W.D.Mo., 129 F.Supp. 722, 726. The jurisdictional grant must be strictly construed; if it is at all doubtful that defendant has not sustained that burden, the cause should be remanded. Fitzgerald v. Missouri Pacific Ry. Co., C.C.Neb., 45 F. 812; Ostrum v. Edison, D.C.N.J., 244 F. 228; Tinney v. McClain, D.C. N.D.Tex., 76 F.Supp. 694.

Here, although the amount claimed by defendant as a possible attorney's fee may not perhaps be described as "highly colorable" as in New York Life Ins. Co. v. Greenfield, 5 Cir., 154 F.2d 953, the existence of our jurisdiction is, at least, "highly doubtful." Any assumption that the plaintiff would be entitled to the assessment of a fee of more than $800 by the Court in this case, in which the maximum judgment that could possibly be obtained would be $2,200, is highly unwarranted (as is shown by the appended table of fees allowed in the reported cases before the Eighth Circuit Court of Appeals, this Court, and the Supreme Court of Missouri). We cannot, as a matter of fact or law, foresee any unusual facets of this case that would possibly justify the assessment by the Court of an attorney's fee in excess of 36.4% of the maximum possible recovery (not 28% as estimated by defendant). Such an assumption would leave the jurisdiction of this Court on a very tenuous basis. Defendant refers to the Minimum Fee Schedule published by the Kansas City Bar Association as suggesting a fee of $40 per hour of trial preparation; we also note that said schedule provides a fee of 25% of all collection judgments in excess of $1,000.

Where our jurisdiction is doubtful, we have a duty to remand. Reeves v. American Brake Shoe Co., D.C.Mo., 74 F.Supp. 897; Cudney v. Mid-Continent Airlines, D.C.Mo., 98 F.Supp. 403.

Concluding that the jurisdictional amount is not affirmatively shown by the present petition for removal, the motion to remand must be granted. It is so ordered.

### Appendix

| Case | Citation | Loss | Penalty of | Att'ys Fee | Per-centage |
|---|---|---|---|---|---|
| Hartford Accident & Ind. Co. v. Federal D. I. C., 8 Cir., | 204 F.2d 933 | $18,490. | $ 1,849. | $ 2,000. | 9.8 |
| Columbian Nat. Life Ins. v. Keyes, 8 Cir., | 138 F.2d 382 | 50,000. | 5,000. | 7,500. | 13.6 |
| American Surety Co. v. Franciscus, 8 Cir., | 127 F.2d 811 | 17,378. | — | 1,500. | 8.6 |
| Occidental Life Ins. Co. v. Eiler, 8 Cir., | 125 F.2d 229 | 3,500. | 350. | 1,000. | 26.0 |
| Union Ind. Co. v. Home Trust Co., 8 Cir., | 64 F.2d 906 | 12,830. | 1,100. | 1,285. | 9.2 |
| Southern Surety Co. v. Motlow, 6 Cir., | 61 F.2d 464 | 90,000. | 9,000. | 10,000. | 10.1 |
| Shefrin v. Hawkeye Cas., D.C.W.D.Mo., | 85 F.Supp. 84 | 1,025. | 102. | 375. | 33.3 |
| Firemen's Ins. v. Smith, D.C.W.D.Mo., | 83 F.Supp. 668 | 5,000. | 500. | 500. | 9.1 |
| Carolina Mills v. World Fire & Marine Ins., D.C. W.D.Mo., | 75 F.Supp. 606 | 72,605. | 7,260. | 15,973. | 20.0 |
| City of N. Y. Ins. Co. v. Stephens, Mo.Sup., | 248 S.W.2d 648 | 59,500. | 5,950. | 11,900. | 18.2 |
| Callahan v. Conn. Gen. Life Ins. Co., 357 Mo. 187, | 207 S.W.2d 279 | 2,500. | — | 500. | 20.0 |
| Corder v. Morgan Roofing Co., Mo.Sup., | 195 S.W.2d 441 | 17,411. | 1,741. | 2,500. | 13.1 |
| Kimpton v. Spellman, 351 Mo. 674, | 173 S.W.2d 886 | 8,408. | 841. | 1,500. | 16.0 |
| Lemay Ferry Bank v. New Amsterdam Cas. Co., 347 Mo. 793, | 149 S.W.2d 328 | 8,010. | 500. | 1,850. | 21.7 |
| Cleaver v. Central States Life Ins. Co., 346 Mo. 548, | 142 S.W.2d 474 | 10,000. | 260. | 1,000. | 9.7 |
| Camdenton Consol. School Dist. v. New York Cas. Co., 340 Mo. 1070, | 104 S.W.2d 319 | 7,721. | 834. | 800. | 9.4 |
| State ex rel. Missouri Mut. Ass'n v. Allen, 336 Mo. 352, | 78 S.W.2d 862 | 1,000. | 100. | 300. | 27.3 |
| Curtis v. Indemnity Co., 327 Mo. 350, | 37 S.W.2d 616 | 7,500. | 1. | 500. | 6.7 |

Average Fee....15.7%