**STATE OF ALABAMA ex rel. Richmond M. FLOWERS, as Attorney General of Alabama, Petitioner,**

v.

**Marvin ROBINSON, Congress of Racial Equality, Bernard Lee, Southern Christian Leadership Conference, Gadsden Christian Citizens Committee, Gadsden Student Movement, Student Non-Violent Coordinating Committee, John Doe and Richard Roe, Respondents.**

No. CA–63–324.

United States District Court
N. D. Alabama, M. D.

Aug. 1, 1963.

Richmond M. Flowers, Atty. Gen., State of Alabama, and Gordon Madison, Asst. Atty. Gen., State of Alabama, Montgomery, Ala., for petitioner.

Oscar W. Adams, Jr., Birmingham, Ala., Norman Amaker and Jack Greenberg, New York City, and George White, Birmingham, Ala., for respondents.

ALLGOOD, District Judge.

The respondents in the above-styled cause, on July 3, 1963, effected a removal of the case from the Circuit Court of Etowah County, Alabama, in Equity, to this Court, pursuant to the provisions of 28 U.S.C. § 1441 et seq. Thereafter, on July 11, 1963, complainant, the State of Alabama, filed a motion to remand the

case to the State court. After oral arguments of the parties on July 19, 1963, the matter was submitted to this Court on the pleadings and affidavits of the respective parties.

The case that has been removed to this Court was initiated by the State of Alabama, as complainant, in the Circuit Court of Etowah County, Alabama, in Equity. The initial pleading in that court was a "Petition for Peremptory or Temporary Injunction", in which the complainant, State of Alabama, averred, in part, that the respondents, Marvin Robinson, et al.:

"7. * * * have interfered with and are interfering with the normal flow of inter and intra city and state commerce in, through and to the City of Gadsden, Alabama, by assembling large numbers of Negroes on the streets and sidewalks of said city, blocking traffic and blocking entrance to various stores and business establishments in said city, by holding hands in such fashion and number as to form a human chain, and by lying down on the sidewalks and streets in front of and in the aisles of business establishments and bodily blocking entrance thereto thereby causing hazards and economic conditions detrimental to the people of the State. Petitioner further avers that the said acts of Respondents are reasonably calculated to provoke a breach of the peace unless restrained by this Honorable Court. * *"

The prayer for relief was, in part, that preliminary writs of injunction be issued to the respondents: " * * * enjoining each and all of said persons, * * * from

"(a) interfering with the normal flow of inter and intra city and state commerce by blocking traffic and entrances to and aisles of various stores and business establishments in the City of Gadsden;

"(b) interfering with the normal flow of inter and intra city and state commerce by holding hands in such fashion and number as to form a human chain;

"(c) interfering with the normal flow of inter and intra city and state commerce by lying down on the sidewalks and streets in front of and in the aisles of said stores and business establishments;

"(d) interfering with the normal flow of vehicular and pedestrian traffic by holding hands in such fashion and number as to form a human chain;

"(e) interfering with the normal flow of vehicular and pedestrian traffic by lying down on the sidewalks and streets in front of and in the aisles of said stores and business establishments."

Thereafter, on June 18, 1963, the petition was amended, in part, as follows:

"(g.) That said respondents and those acting in concert with them be enjoined and restrained from sitting or remaining in any business establishment or any other private place or establishment after being requested to leave or vacate said establishment by the owner or proprietor, his agent, servant, or employee, while acting within the line and scope of his employment, who is in possession of the business or property, where it interferes with the right to engage in inter and intra city and state commerce."

Consequentially, a peremptory or temporary Writ of Injunction was issued in accordance with the prayer of the petition and the petition as amended. In addition, the Writ of Injunction contained the following paragraph:

"But nothing in this Order shall be interpreted to restrict or enjoin said parties or their associates from peacefully walking in single or double file the streets of said City and County in an orderly fashion."

Apparently, the injunction was violated; and, on June 21, 1963, the State of Alabama filed a verified petition for contempt, requesting that the court issue an

order directing that the respondent, Marvin Edison Robinson, appear and show cause why he or she should not be held in contempt of court for failure to comply with the Writ of Injunction. Immediately thereafter, the court issued an order directing the Sheriff of Etowah County, Alabama, to take the respondent, Marvin Edison Robinson, into custody and to confine the respondent in the Etowah County jail, Gadsden, Alabama, pending a hearing on the petition for contempt filed by the State of Alabama. Subsequently, the respondents, Marvin Robinson, et al., effected a removal of all the aforementioned proceedings to this court.

In their petition for removal, the respondents averred, in part, as follows:

"3. This Court has original jurisdiction of the above described action under the provisions of Title 28, United States Code, §§ 1331 and 1343(3), and is one which may be removed to this Court by the Respondents, Petitioners herein, pursuant to the provisions of Title 28, United States Code, §§ 1441(a), (b), (c) and 1443(1) and (2), in that this is an action, wherein the matter in controversy exceeds the sum or value of $10,000.00 exclusive of interest and costs, and that the action seeks to deprive Respondents under color of State Law, Statute, Ordinance, Regulation, custom or usage of rights, privileges and immunities secured by the Constitution of the United States providing for equal rights of citizens or of all persons within the jurisdiction of the United States. * * *"

In considering the motion to remand and the petition for removal, this Court is bound to follow and apply certain well-established principles of law. Being a court of limited jurisdiction,[1] a presumption arises that a cause is without the jurisdiction of the District Court,[2] and the burden is upon the petitioner—who seeks the jurisdiction of the court—to establish by a preponderance of the evidence that the case falls within the court's jurisdiction.[3] If it is at all doubtful that the petitioner has not sustained that burden, the cause should be remanded.[4]

In a removal case, procedure is governed by 28 U.S.C. § 1446 which, in part, provides that the petition must contain a short and plain statement of the facts which entitle the petitioner to a removal. This requirement is to be strictly construed, and it is essential for removal that a proper allegation of fact be set forth within the terms of Section 1446, supra.[5]

Thus, it is not sufficient for the petitioner to merely allege that the case is removable under one of the enumerated classes—facts must be alleged, not conclusions. Heckleman v. Yellow Cab Transit Co., (D.C., Ill., 1942), 45 F.Supp. 984.

On its face, the petition for removal appears to be insufficient to meet the requirements of the foregoing rules. However, since the respondents allege therein that their civil rights have been violated or threatened by the action of the State of Alabama, a closer examination of the record filed by the respondents is warranted.

The provisions of 28 U.S.C. §§ 1331 and 1343(3) are relied on by the respondents, in their petition for removal, as their authority to remove the cause to this Court under 28 U.S.C. § 1441.[6]

1. Birmingham Post Co. v. Brown, (5th Cir., 1954), 217 F.2d 127.

2. Birmingham Post Co. v. Brown, supra, note 1.

3. Gaitor v. Peninsular and Occidental Steamship Co., (5th Cir., 1961), 287 F.2d 252; Birmingham Post Co. v. Brown, supra, note 1.

4. Brown v. Niagara Fire Ins. Co., (D.C., Mo., 1955), 132 F.Supp. 509.

5. Gratz v. Murchison, (D.C., Del., 1955), 130 F.Supp. 709; Moore's Federal Practice, 2nd Ed., Vol. 1A, ¶ 0.168 [3.–4], p. 1201.

6. The provisions of Sec. 1441, supra, in pertinent part, are as follows:
"§ 1441. *Actions removable generally*
"(a) Except as otherwise expressly pro-

Thus, the first question is whether the action initiated in the State court is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, which, in part, provides:

"(a) The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and arises under the Constitution, laws, or treaties of the United States."

In Moore's Federal Practice, Vol. 1, ¶ 0.92 [3.–1], p. 840, it is said:

"Since the defendant is the party seeking the jurisdiction of the federal court in a removal case, he has the burden of showing that the case is capable of being removed—i. e., that the federal jurisdictional requirements are present."

■ In this case, the respondents have not met the burden of showing that the Federal jurisdictional requirements under 28 U.S.C. § 1331 are present. They have not shown that the amount in controversy exceeds $10,000.00, nor have they shown that a Federal question is involved in the case.

■ As for the amount in controversy, the general rule is that the sum claimed by the plaintiff in the complaint will control. Moore's Federal Practice, 2nd Ed., Vol. 1, ¶ 0.91(1), p. 827. If, however, the complaint has no direct allegation as to the amount involved, the defendant may effect a removal by stating in his petition that the amount in controversy exceeds the jurisdictional minimum, and by showing that this statement is supported by

necessary inferences from the complaint. Moore's Federal Practice, 2nd Ed., Vol. 1A, ¶ 157(6), p. 262; Ronzio v. Denver & R. G. W. R. Co., (10th Cir., 1940), 116 F.2d 604; 76 C.J.S. Removal of Causes § 29, p. 939; Davenport v. Procter & Gamble Mfg. Co., (2nd Cir., 1957), 241 F.2d 511, 514, 63 A.L.R.2d 1350.

The action initiated in the Circuit Court of Etowah County was for an injunction, and the complainant did not include in its petition for injunctive relief a request for damages. But, the respondents in their petition for removal have alleged that the amount in controversy exceeds $10,000.00. This conclusion, however, is not supported by the complaint filed in State court. The general rule in actions for injunctive relief is that the amount or value in controversy (if it is capable of being reduced to pecuniary value) " * * * is the value to plaintiff of the right for which he prays protection, or the value to defendant of the acts which plaintiff seeks to restrain or prevent, * * * and the absence of any statement that plaintiffs seek a stated sum of money is not jurisdictionally fatal." (Footnotes omitted from the above). 76 C.J.S. Removal of Causes § 43, p. 948. The burden of proof, however, is on the respondents who seek the removal to establish that the required amount in controversy is present. Brown v. Niagara Fire Ins. Co., (D.C., Mo., 1955), 132 F.Supp. 509; Collins v. Public Service Commission, (D.C., Mo., 1955), 129 F.Supp. 722; see, McNutt v General Motors Acceptance Corp., 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135. The respondents herein have wholly failed to meet this requirement. There are no

vided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, * * *.

"(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without

regard to the citizenship or residence of the parties. * * *

"(c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction. * * *"

facts before this Court as to the value of anyone's rights. It appears to the Court, and there is no evidence to the contrary, that this action involves a right or claim incapable of pecuniary estimation, and that it is, therefore, not removable to this Court under 28 U.S.C. § 1331. McNutt v. General Motors Acceptance Corp., supra; Seagram-Distillers Corporation v. New Cut Rate Liquors, Inc., (7th Cir., 1957), 245 F.2d 453, cert. den. 355 U.S. 837, 78 S.Ct. 61, 2 L.Ed.2d 48; Brown v. Niagara Fire Ins. Co., supra.

■ Furthermore, the petition for removal does not set forth the Federal question, if in fact there is one, that is involved in the action commenced by the complainant in the State court. Nor is it apparent from the face of the complaint filed in State court whether the action arises under the Constitution, laws or treaties of the United States. Where the removal jurisdiction of the United States District Court is sought to be invoked on the ground that a Federal question is involved, the Fifth Circuit Court of Appeals has said:

" * * * We look solely to the facts set out in the complaint to determine this issue. The federal question necessary to sustain jurisdiction must be an essential element of the plaintiff's cause of action. * * *

"In order to sustain the jurisdiction of the United States District Court on the ground of a federal question in a case removed thereto from a state court, it is not sufficient for the question to be raised in the answer of the defendant or in the petition for removal. The federal question must clearly appear on the face of the declaration or complaint as an essential and integral part of the plaintiff's statement of his own case, not in anticipation of a defense that may be interposed by an adversary party. A federal question

merely incidental or collateral to the main controversy is not the basis of the suit and is not enough to deprive the state court of jurisdiction upon petition for removal by the defendant." Armstrong v. Alliance Trust Co., (5th Cir., 1942), 126 F.2d 164, 166-167. See also, Romick v. Bekins Van & Storage Co., Inc., (5th Cir., 1952), 197 F.2d 369.

It is not apparent nor is it made to appear that a Federal question is involved in the action commenced by the complainant in State court. "If any presumption exists it is that a case is outside federal jurisdiction." Clinton v. Hueston, (5th Cir., 1962), 308 F.2d 908. See, Gaitor v. Peninsular & Occidental Steamship Co., (5th Cir., 1961), 287 F.2d 252. Therefore, the case was not removable under 28 U.S.C. § 1331.

■■ The second question is whether the action initiated in the State court is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1343(3) which, in part, provides:

"The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

* * * * * *

"(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States * * *."

It is clear without question that the above quoted section is inapplicable in this case. As previously shown, in order to effect a removal under Section 1441, supra, it must appear from the complaint filed by the *plaintiff* in State court that the action is one of which this Court has original jurisdiction.[7] Clearly, the claim

---

7. Nor can the right to remove be based on any defense which the defendant may interpose. Gully v. First National Bank, (Miss.), 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70. Debevoise v. Rutland Ry. Corp., (2nd Cir., 1961), 291 F.2d 379, cert. den., 368 U.S. 876, 82 S.Ct. 123, 7 L.Ed.2d 77

of the plaintiff, the State of Alabama, in the action filed in State court, is not predicated on the provisions of Section 1343(3), supra, quoted next above. That the petitioners (defendants in the State court action) might have a cause of action under Section 1343(3), supra, for the conduct complained of in their petition, does not make this case, in which they are defendants, removable under Section 1441, supra.

 The third and final question is whether the action was removable under the provisions of 28 U.S.C. § 1443, which, in substance, provides that the defendant in a civil action commenced in State court may remove the action to the District Court, if (1) the case is against any person who is denied or cannot enforce in the State courts a right under any law providing for the equal civil rights of citizens of the United States; or (2) the case is against any person for doing any act under color of authority derived from any law providing for equal rights; or (3) the case is against any person who refuses to do any act on the ground that doing such act would be inconsistent with any law providing for equal rights.

The petition for removal is devoid of any allegation of fact that would justify a removal of the action to this Court under the provisions of Section 1443, supra. See, City of Birmingham v. Croskey, (D. C., N.D., Ala., 1963), 217 F.Supp. 947. The only allegation in the petition, other than the amount in controversy allegation, is that:

"* * * the action seeks to deprive Respondents under color of State Law, Statute, Ordinance, Regulation, custom or usage of rights, privileges and immunities secured by the Constitution of the United States providing for equal rights of citizens or of all persons within the jurisdiction of the United States."

This allegation is nothing more than a defensive pleading to the action filed by the State of Alabama in the State court. The petition contains no averments which bring the case within the class of cases which can be removed to this Court under Section 1443, supra. City of Birmingham v. Croskey, supra. As heretofore indicated, the requirements of Section 1446, U.S.C., Title 28, setting forth the procedure for removal are to be strictly construed, and it is essential for removal that a proper allegation of fact be set forth in the petition within the terms of that section. The petition for removal filed in this case falls far short of meeting this requirement.

It is, thus, apparent that the above-styled case was improperly removed to this Court; the case is due to be remanded. 28 U.S.C. § 1447(c).

It is, therefore, ordered, adjudged and decreed that the above-styled case be, and the same is hereby remanded to the Circuit Court of Etowah County, Alabama, in Equity, from whence it was removed.